# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AEGIS MORTGAGE CORPORATION, et al., | Case No. 07-11119 (BLS) (Jointly Administered) |
| Debtors. | Hearing Date: November 16, 2007 at 2:00 p.m. (ET) Objections Due: November 8, 2007 at 4:00 p.m. (ET) |

## APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AUTHORIZING THE EMPLOYMENT AND RETENTION *NUNC PRO TUNC* OF LANDIS RATH & COBB LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Application for an Order Pursuant to Bankruptcy Code Section 1103(a) Authorizing the Employment and Retention *Nunc Pro Tunc* of Landis Rath & Cobb LLP as Delaware counsel to the Official Committee of Unsecured Creditors (the "Application"). In support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

1. On August 13, 2007, (the "Petition Date"), the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On September 13, 2007, the United States Trustee appointed the Committee, which consists of the following members: Credit Suisse First Boston Mortgage Capital LLC, UBS Real Estate Securities Inc., and First Advantage Credco.

4. On September 14, 2007, the Committee met and selected Hahn & Hessen LLP ("H&H") as its counsel. On September 17, 2007 (the "Retention Date"), the Committee met and selected Landis Rath & Cobb LLP ("LRC") as its Delaware counsel.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for this Application is 11 U.S.C. § 1103(a).

## RELIEF REQUESTED

7. The Committee desires to retain and employ LRC as its Delaware counsel in the Bankruptcy Cases and, by this Application, requests that the Court enter an order authorizing it to retain and employ LRC, *nunc pro tunc* to the Retention Date. By separate application, the Committee has also requested that the Court approve the retention and employment of H&H as counsel. LRC has discussed with H&H and the Committee a division of responsibility in order to minimize duplication of efforts on behalf of the Committee. Accordingly, the Committee respectfully requests the entry of an order, pursuant to Bankruptcy Code Section 1103, authorizing the employment and retention of LRC as its Delaware counsel to perform the legal services that will be necessary during the Bankruptcy Cases.

8. The Committee has selected LRC as its Delaware counsel because of LRC's expertise with creditor committee representations, and in the field of debtor and creditor law and business reorganizations under Chapter 11 of the Bankruptcy Code and other experience

2

handling matters in the District of Delaware. LRC's attorneys have represented debtors, creditors' committees, bank groups, officers and directors, and other parties-in-interest in numerous bankruptcy cases in the District of Delaware and in other jurisdictions.

9. Attorneys at LRC have become familiar with the Debtors' business affairs and capital structure. Accordingly, LRC has the necessary background to deal effectively with many of the legal issues that may arise in the context of the Bankruptcy Cases. Thus, in order to maximize the value of the Debtors' estates and because of LRC's recognized expertise in bankruptcy law, the Committee desires that LRC represent it in the Bankruptcy Cases.

10. The Committee's employment of LRC is appropriate and necessary to enable the Committee to execute faithfully its duties as a statutory committee of unsecured creditors and to implement a successful reorganization.

## SERVICES TO BE PROVIDED BY LRC

11. The Committee anticipates that, in connection with the Bankruptcy Cases, LRC will provide it with general legal services as needed, including, but not limited to, the following:

    (a)    Render legal advice with respect to the powers and duties of the Committee and the other participants in the Debtors' cases;

    (b)    Assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and any other matter relevant to the Bankruptcy Cases, as and to the extent such matters may affect the Debtors' creditors;

    (c)    Participate in negotiations with parties-in-interest with respect to any disposition of the Debtors' assets, plan of reorganization and disclosure statement in connection with such plan, and otherwise protect and promote the interests of the Debtors' unsecured creditors;

3

(d) Prepare all necessary applications, motions, answers, orders, reports and papers on behalf of the Committee, and appear on behalf of the Committee at Court hearings as necessary and appropriate in connection with the Bankruptcy Cases;

(e) Render legal advice and perform legal services in connection with the foregoing; and

(f) Perform all other necessary legal services in connection with the Bankruptcy Cases, as may be requested by the Committee.

12. As set forth above, LRC has discussed a division of responsibility with H&H and the Committee, and it is the Committee's intent to ensure that its professionals do not unnecessarily duplicate their efforts on the Committee's behalf. Subject to this Court's approval, LRC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. These rates may change from time to time in accordance with LRC's billing practices and procedures. LRC will maintain detailed, contemporaneous time records of services rendered and necessary expenses incurred in connection with its representation of the Committee described above by category and nature of services rendered.

13. LRC intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Court, the Order Establishing Procedures for Interim Compensation pursuant to Bankruptcy Code Section 331, and any other applicable orders entered in these cases in connection with all services performed and expenses incurred on and after the Retention Date.

14. The Committee proposes to pay LRC its customary hourly rates in effect from time to time for services rendered, as set forth in the Affidavit of Richard S. Cobb (the

"Cobb Affidavit") attached hereto as Exhibit "A," and to reimburse LRC according to its customary reimbursement policies, which rates and policies the Committee believes to be reasonable. All payments are subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable orders of this Court.

## BASIS FOR RELIEF

15. Bankruptcy Code Section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

16. To the best of the Committee's knowledge, and except as disclosed herein and in the attached Cobb Affidavit, LRC has not represented the Committee, the Debtors, their creditors, equity security holders, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates and is a "disinterested person" within the meaning of Sections 1103 and 101(14) of the Bankruptcy Code.

17. The Committee believes that the employment of LRC to perform the services described herein as may be required by the Committee is necessary and in the best interest of the Debtors and the Debtors' estates.

## NOTICE AND NO PRIOR APPLICATION

18. Notice of this Application has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) the Debtors' prepetition secured lenders; and (d) all entities that have filed a request for service of pleadings

in these cases. The Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein need be given.

19. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests the entry of an Order, in the form attached hereto, (i) authorizing the retention *nunc pro tunc* of LRC to represent the Committee in these Chapter 11 cases, and (ii) granting the Committee such other and further relief as is just and proper.

Dated: October 15, 2007

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AEGIS MORTGAGE CORPORATION, et al.

CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC

By: /s/ Michael Criscito
Michael Criscito
Authorized Representative of Committee Member Credit Suisse First Boston Mortgage Capital LLC