K S Mc CLelland, and
Ingela V. Kaersvang
484 Yolo, CA 95697
(530) 666-7244
Claimants, Pro Per

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: Aegis Mortgage Corporation, et al.,

      Debtors.

K S Mc Clelland and Ingela V. Kaersvang

      Claimants

Case No.: 07-11119(BLS)
(Jointly Administered)
HEARING: July 15, 2009, Ct. Rm. 1, at 10:30 a.m.
**CLAIMANTS' RESPONSE TO DEBTORS'
NONOPPOSITION to: 1: Claimants' Objection And
Opposition To Debtors' Fifth (Substantive)
Omnibus Objection To Claims: And To
2: Amended Claimants' Objection And
Opposition To Debtors' Fifth (Substantive)
Omnibus Objection To Claims.**

## BACKGROUND AND STATEMENT OF FACTS

The Debtors' initially filed a claim in the Claimant K S Mc Clelland's name for $0.00 and later added Claimant Ingela V. Kaersvang to that claim without changing the amount of the claim submitted by the Debtors in the Claimants' names.

Claim filed by Debtors with the Court WAS NOT, and IS NOT the claim made by the Claimants against the Debtors. Value of Claimants' claim that was submitted to Debtors in possession was, and is, $815,000.00 the value of the property. This claim was submitted on a bankruptcy form to the Debtors in possession, but they did not submit that form to the Court.

To protect their interest, Claimants filed, and served on the Debtors, an Objection and Opposition to Debtors' Fifth (Substantive) Omnibus Objection to Claims. This filing and submission was made without the Claimants having a copy of the claim submitted by the Debtors (in Claimants' names) to the Court.

**Debtor s did not respond to, object to, oppose or answer** the Claimants Objection and Opposition to Debtors Fifth (Substantive) Omnibus Objection to Claims.

Claimants requested a copy of the claim submitted by the Debtors (in Claimants' name) to the Court.

Claimants subsequently received a copy of the claim the Debtors submitted to the Court in their name.

Claimants then filed, and served on Debtors, Amended Claimants' Objection to Debtors Fifth (Substantive) Omnibus Objection to Claims.

**Debtors did not respond to, object to, oppose, or answer** the Amended Claimants' Objection to Debtors' Fifth (Substantive) Omnibus Objection to Claims.

Debtors sent Claimants a Notice of Continuance until 15 June 2009 (Exhibit 14, Applicable pages attached: Pages 1, 6, and Exhibit "C", attached).

On June 15th 2009, Claimants appeared before the Court by way of a telephonic appearance. At that hearing the Court informed the Claimants that their hearing had been continued until the 15th of July 2009, at 10:30 in the same courtroom (Courtroom #1). The Court asked for and was given the Claimants' phone number.

**Debtors' attorney was directed by the Court to call the Claimants** and to let the Court know if the matter was contested or not and to schedule a one hour hearing if the matter was contested.

**Debtors have not called Claimants.** Even though Claimants have called Debtor, Debtor has not returned the call.

**Debtors have not informed either the Court or the Claimants that the Claimants filings are contested.**

Claimants have not received anything from the Debtors stating that the hearing was continued until July 15, 2009.

**Debtors have neither filed with the Court, or provided the Claimants with, any response to, objection to, opposition, nor answer to:**

2. The AMENDED Claimants' Objection to the Debtors Fifth (Substantive) Omnibus Objection to Claims; or

3. The Claimants' Objection to and Motion to Strike: **A.** Debtors Fifth (Substantive) Omnibus Objection to Claims, or **B.** - The Declaration in support of the Debtors' Fifth (Substantive) Omnibus Objection to Claims. Even though the Debtors were served with a copy of all of the above, AND had an extra month to respond, the Debtors have not responded to, objected to, or opposed any of the above filings by the Claimants.

## DISCUSSION

While the above facts speak clearly, there is a brief discussion about the three facts that Claimants believe should be brought to the attention of the Court.

**FIRST:** By not submitting to the Court the Claimants claim as made to the Debtors in Possession the Court was deprived of knowing of the value of the claim (which was clearly stated on the Bankruptcy form as $815,000.00). The Court received from the Debtors in Possession a claim, made by the Debtors in Possession in the Claimant's name, for $0.00. That means that if the Court accepted the Debtors Fifth (Substantive) Omnibus Objection to Claims, and granted the Debtors Omnibus Objection that The Debtor would owe the Claimants NOTHING. More interestingly, and more deviously; If the Court denied

1  the Debtors Omnibus Objection in whole, or as pertaining to the Claimants' claim (#1687)—THEN, the
2  Debtors would have to pay the value of the claim: $0.00, AND the Debtors would owe the Claimants
3  NOTHING.

4  By submitting a false claim, made by the Debtors in Possession in the Claimants name, the Debtors
5  created a situation whereby no matter how the Court rules, either GRANTING or DENYING the Debtors'
6  Omnibus Objections, the Debtor would owe the Claimants NOTHING. That's very slick.

7  Did Your Honor wonder why the Debtors, their attorneys and the Sheila Mayes (who made the
8  Declaration in Support of the Debtors Omnibus Objections) did not sign any document, including the
9  Debtors Omnibus Objection and the Declaration in Support under the penalty of perjury? It's very
10  simple...If they had signed under penalty of perjury they would have committed perjury because of the
11  false claim they submitted and "Supported".

12  **SECOND:** By sending the Claimants a notice of continuance with the wrong date on it (June 15,as
13  opposed to July 15, 2009) the Claimants would not be present at the July 15th hearing date and the
14  Debtors would have won as their Omnibus Objection would have been unopposed, or opposition
15  abandoned by Claimants, or at the least the Claimants would not have been present to defend and
16  protect their interest---which would have been to the Debtors' advantage, possibly giving they an
17  avenue to a favorable decision by the Court (as in FIRST, above). Claimant only found out about the July
18  15th Continuance date by interrupting the Court as it was concluding the Debtors' issues for the day.
19  Had the Claimant not been so rude, and if the Claimant had waited just a few seconds longer, the
20  Claimants would not have learned – from the court- of the July 15th continued hearing date.

21  **THIRD:** For the Debtors to claim that there is nothing in their files or legal basis to support the
22  Claimants claim is disingenuous as they have a copy of the Notice of Rescission of Contract in their files
23  and it is also a matter of public record) (Yolo County Recorder's Document Number 2006-00306-3-00,
24  which is constructive and legal notice, and when they have a copy of the contract/loan (Yolo County
25  Recorder's Document Number 2005-0006805-00) and they knew the limitation of their licenses and that
26  they were not permitted to make or service a loan/mortgage on the Claimants' property, that there
27  were numerous legal issue concerning the making, servicing and content of the contract (many of which
28  are listed in the Notice of Rescission of Contract). For more in depth discussion of the issues concerning
29  the formation, making, servicing and content of the Contract/Loan, see AMENDED Claimants' Objection
30  to Debtors' Fifth (Substantive) Omnibus Objection to Claims.

31  **FOURTH:** The Court ordered the Debtors' attorney to call the Claimants and to let the Court know if
32  this was a contested matter. Debtors' attorney have not contacted the Claimants nor returned the

Claimants calls. By so doing the Debtor is keeping the Claimants out of the loop, and is not reporting to the Court that this is a contested batter, and so they (the Debtors) put themselves in a better position to get what they want: To have the Claimants' claim denied and expunged. The Debtors want the Claimants claim to go away because they face too much liability for the unlawful contract and misconduct of the Debtors from the very beginning of the creation of the contract, through its making, signing, and servicing, and the misconduct continues through their false filings with this Court concerning the Claimants claim.

**FIFTH:** Even the Debtors' failure to respond to, to object to, or to oppose the Claimants filing is a calculated tactic on their part: If they don't respond, then the Claimant will wait and while the Claimants is waiting, the Debtors move ahead with their case without opposition from the Claimants.

**SIXTH:** Claimants are pro per and the Debtors apparently are hoping to deceive, manipulate, confuse, or mislead the Claimants to get what the Debtors' want instead of talking to, dealing with or contacting the Claimants, even when the Court has ordered them to do so (to contact the Claimants, that is).

**SEVENTH:** Even with all the tactics, manipulation, misinformation and deception by the Debtors, one fact still remains: While being fully aware of the Claimants filings, the Debtor has not responded to, objected to, opposed, answered, or replied to any of the Claimants filings and as such they are unopposed by the Debtors and must be accepted by the Court as unopposed and therefore the AMENDED Claimants' Objection to Debtors' Fifth (Substantive) Omnibus Objection to Claims should be GRANTED and the Debtors Fifth (Substantive ) Omnibus Objection to Claims should, in this case, be DENIED.

## CONCLUSION

Because the Debtors have been served with all the Claimants' filings in this case; Because the Debtors' have had an extra month to respond to the filings, and because the Debtors have not responded to, opposed or objected to ANY of the filings or ANY PART of the filings:

1. The Amended Claimants' Objection to Debtors Fifth (Substantive) Omnibus Objection to Claims should be granted as unopposed; while

    A. The Debtors' Fifth (Substantive) Omnibus Objection to Claims should be denied with reference to, concerning, or wherever it mentions or refers to the Claimants or the claim of the Claimants (Claim # 1687);

2. Claimants' Objections to, and moves to strike, the Declaration of Sheila Mayes should be granted as unopposed and the declaration should be stricken for any matter concerning the

Claimants or any claim by, or concerning, the Claimants, and should be stricken from supporting the Debtors Fifth, (Substantive) Omnibus Objection to Claims; and

3. As the Debtors did not oppose any part of the AMENDED Claimants' Opposition to Debtors' Fifth (Substantive) Omnibus Objection to Claims, the Court should:

   A. Find that the Debtors were the last holders of the Subject Contract/Loan;

   B. That any sale, assignment, or transfer of the Subject Contract/Loan on or after August 4, 2006 was unlawful; and

   C. That the Debtors must (if such a sale, transfer, or assignment occurred) recover the Deed of Trust and recoveyance to the Claimants must take place within 5 days of the signing of the accompanying Order of the Court, OR the Debtors must pay to the Claimants $815,000.00 (Eight-hundred-fifteen-thousand dollars) within the same 5 days, in the manner, time, and at the location of the Claimants choosing. Reconveyance the Deed of Trust to the Claimants in joint tenancy must be free and clear, without any encumbrance.

The Debtors have had ample time to object to, to oppose the Amended Claimants' Opposition to Debtors' Fifth (Substantive) Omnibus Objections to Claims and its contents, and they have not chosen to do so. They have waived their right to oppose the Amended Claimants' Opposition to Debtors' Fifth (Substantive) Omnibus Objection to Claims and its contents; it must therefore be accepted as unopposed: must be granted as unopposed and the accompanying Order of the Court should be signed.

### SIGNATURES UNDER PENALTY OF PERJURY

This CLAIMANTS' RESPONSE TO DEBTORS' NONOPPOSITION to: 1: Claimants' Objection And Opposition To Debtors' Fifth (Substantive) Omnibus Objection To Claims: And To 2: Amended Claimants' Objection And Opposition To Debtors' Fifth (Substantive) Omnibus Objection To Claims is true and accurate to the best of the abilities of the Claimants and is submitted and signed under penalty of perjury of the perjury laws of the United States of America on the 6th of July 2009 by,

_K S McClelland_ and _Ingela V. Kaersvang_

K S Mc Clelland                    Ingela V. Kaersvang