# EXHIBIT A

69035-001\DOCS_DE:137202
DOCS_DE:151748.2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) ) ) | Case No. 07-11119 (BLS) (Jointly Administered) |
| Debtors. | ) ) | **Related To Docket Nos: 4554, 4646** |

**STIPULATION BETWEEN THE DEBTORS AND CARR OFFICE PARK, LLC REGARDING DEBTORS' THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. §502(b) AND BANKRUPTCY RULE 3007 – LANDLORD CLAIMS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and the Carr Office Park, LLC ("COP," with the Debtors, collectively, the "Parties"), hereby agree and stipulate based on the following:

WHEREAS, on April 7, 2009, the Debtors filed the Notice of (the "Notice") and the Third (Substantive) Omnibus Objection To Claims Pursuant To 11 U.S.C. §502(b) and Bankruptcy Rule 3007 [Docket No. 4554] (the "Objection"). Among other claims, the Objection objected to proof of claim #1299 filed by Carr Office Park, LLC ("COP");

WHEREAS, on May 12, 2009, COP filed its response to the Objection [Docket No. 4646] (the "Response");

WHEREAS, following arms-length, good faith negotiations, the Parties have agreed to resolve the Objection and the Response as set forth below.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen Lane, Suite I, Houston, TX 77082.

69035-001\DOCS_DE:137202
DOCS_DE:151748.2

**NOW THEREFORE**, in consideration of the premises and mutual covenants contained herein and other valuable consideration, the receipt of which is hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The terms of this Stipulation are effective as of the date it is approved by the Bankruptcy Court.

2. Proof of claim number 1299 (the "COP Claim") shall be allowed as a non-priority unsecured claim in the amount of $51,000.00 solely against Aegis Wholesale Corporation (the "Allowed Claim");

3. Except as provided in this Stipulation with respect to the satisfaction of the Allowed Claim, COP fully and forever releases, surrenders, gives up and discharges the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that COP ever had, may have had or may have against the Debtors arising from or related to the COP Claim, including, but not limited to any and all claims for actual, punitive and/or statutory damages asserted or which could have been asserted against the Debtors. COP further covenants not to sue or authorize a suit against the Debtors in connection with any of the foregoing released claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages.

4. COP agrees to satisfaction of the Allowed Claim in accordance with the terms of a confirmed plan or, in the absence of any such confirmed plan, upon the conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code. Except as provided herein, the Allowed Claim shall be in full and final satisfaction of any claims asserted by COP

against any of the Debtors arising pursuant to section 502 and/or section 502(b)(6) of the Bankruptcy Code.

5.  Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the parties have stipulated to the relief described herein.

6.  The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. COP consents to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties arising from or related to the Stipulation. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to the Stipulation shall be brought on proper notice in accordance with relevant Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court.

7.  This Stipulation is subject to the approval of the Bankruptcy Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

8.  Each of the undersigned parties represents that he/she is authorized to execute this Stipulation, subject in the case of the Debtors, to such approval by the Bankruptcy Court.

9. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

11. This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

12. This Stipulation shall be the entire agreement between the parties relating to the matters that are the subject of this Stipulation and it cannot be modified except in writing signed by the party against whom enforcement is sought.

13. Epiq Bankruptcy Solutions LLC, the official claims agent appointed in these cases, is hereby authorized and directed to make such revisions to the official Claims Registry as are necessary to reflect the relief granted pursuant to this Order.

14. This Stipulation may be executed in counterparts, all of which when taken together, shall constitute the original.

15. This Court shall retain jurisdiction over the Debtors and the Claimant whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: ~~August~~ September 3, 2009

**SILVER & DEBOSKEY, PC**

_____
Steven W. Kelly, Esq.
1801 York Street
Denver, CO 80206
Telephone: (303) 399-3000

*Counsel to Carr Office Park, LLC*

**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Laura Davis Jones (#2436)
James E. O'Neill, Esq. (#4042)
Joshua M. Fried (CA Bar No. 181541)
Kathleen P. Makowski, Esq. (#3648)
919 North Market St., 17th Floor
Wilmington, Delaware, 19899-8705
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
       joneill@pszjlaw.com
       jfried@pszjlaw.com
       kmakowski@pszjlaw.com
*Counsel for the Debtors*