IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: November 9, 2009 at 4:00 p.m. prevailing Eastern time
Hearing Date: November 16, 2009 at 10:30 a.m. prevailing Eastern time

## DEBTORS' ELEVENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. § 502(b) AND BANKRUPTCY RULE 3007 – FORMER EMPLOYEES

**THIS OBJECTION SEEKS TO MODIFY CERTAIN PROOFS OF CLAIM FILED IN THIS CASE. ANY NON-DEBTOR PARTY WHO FILED A PROOF OF CLAIM SHOULD REVIEW THE ATTACHED <u>EXHIBITS</u> TO DETERMINE IF THE DEBTORS ARE SEEKING TO DISALLOW AND/OR MODIFY THEIR CLAIM.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit this Eleventh (Substantive) omnibus objection to claims (the "Eleventh Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Delaware Local Bankruptcy Rule 3007-1 and object to the claims of certain former employees (the "Disputed Claims") listed on Exhibits "A" and "B" to the proposed order submitted herewith (the "Order"). In support of this Eleventh Omnibus Claims

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Suite I, Houston, TX 77082.

Objection, the Debtors respectfully state as follows:

## Introduction

1. On August 13, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 the Bankruptcy Code.

2. The Debtors have continued in possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or an examiner in these cases. On August 24, 2007, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

4. This Court has jurisdiction over this Eleventh Omnibus Claims Objection under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (L). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Del. Bankr. LR 3007-1.

## Business of the Debtors

6. Prior to filing for bankruptcy, the Debtors and their non-debtor affiliates were a full service residential mortgage company with lending operations in 49 states and offices in 24 states. As of August 1, 2007, the Debtors employed approximately 1,302 employees who, depending upon their location, worked at the Debtors' corporate headquarters in Houston, Texas, or at 33 branches located throughout the nation. At the close of July, 2007, the Debtors

00001-001\DOCS_DE:153792.1

2

generated approximately $800 million in monthly loan originations and were servicing, and/or interim servicing, approximately $3.6 billion of mortgage loans.[2]

7. In 2007, unprecedented changes in the mortgage loan market, coupled with the rapid decline in the secondary mortgage markets severely impacted the Debtors' ability to obtain financing for the origination of loans. In particular, the Debtors experienced extraordinary increases in early payment defaults, and a corresponding increase in the number of repurchase requests, which siphoned available cash away from the Debtors. In addition, the Debtors received substantial margin calls that they were unable to satisfy. Despite the Debtors' efforts to obtain capital and manage costs, the accelerated demands for large amounts of capital as the market for the sale of the loans decreased at an unprecedented pace led to margin calls that were due and payable on or about August 3, 2007. These factors resulted in the termination of the Debtors' funding by the Warehouse Lenders, caused the Debtors to cease originating loans and significantly scale back their operations, and forced the Debtors to file for bankruptcy protection.

8. Subsequent to the Petition Date, the Debtors have directed substantially all of their efforts, and all of the efforts of their professionals, towards the liquidation of their assets and remaining servicing operations, minimizing ongoing expenses, analyzing claims against the Debtors, and addressing ongoing issues and the going-forward strategy and plans for these chapter 11 cases with key constituencies, including the Committee. The Debtors have done this

---

[2] The factual background regarding the Debtors, including their current and historical business operations and the events precipitating this chapter 11 filing, is set forth in detail in the *Declaration of Edward S. Robertson, Executive Vice President and Chief Financial Officer of the Debtors, in Support of First Day Motions* (the "Robertson Declaration") filed on the Petition Date and fully incorporated herein by reference.

in order to maximize the value of such assets while minimizing the expenses associated with maintaining such assets.

## Background

9. By order dated August 18, 2007, the Court authorized Epiq Bankruptcy Solutions LLC, to serve as the Debtors' claims agent (the "Claims Agent").

10. On November 26, 2007, the Court signed the *Order (1) Fixing Bar Date For The Filing Of proofs of Claim, (2) Fixing Bar Date For The Filing Of Proofs Of Claim By Governmental Units, (3) Fixing Bar Date For The Filing Of Requests For Allowance Of Bankruptcy Code § 503(b)(9) Administrative Expense Claims, (4) Fixing Bar Date For The Filing Of WARN Act Claims, (5) Designation Form And Manner Of Notice Thereof, And (6) Granting Related Relief* [Docket No. 602] (the "Bar Date Order"). Pursuant to the Bar Date Order, the deadline for filing proofs of claim, other than certain "Excluded Claims," was February 1, 2008 (the "Bar Date"). Notice of the Bar Date was (a) mailed to all known creditors of the Debtors; (b) all parties listed on the Debtors' master mailing matrix (c) all entities having filed a notice of appearance and demand for papers, (d) the Office of the United States Trustee and (e) published in the national edition of the USA Today.

11. To date, over 1,800 proofs of claim (the "Proofs of Claim") have been filed in these cases asserting in excess of $1 billion in claims against the Debtors' estates. The Proofs of Claim are recorded on the official claims registry in these cases (the "Claims Registry") which is maintained by the Claims Agent.

## Relief Requested

12. By this Eleventh Omnibus Claims Objection, the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (a) reducing and/or reclassifying the Disputed Claims of certain former employees listed on Exhibit "A" to the proposed Order and (b) modifying the Debtor against whom a claim was filed and/or reducing and/or reclassifying a Disputed Claims of certain former employees listed on Exhibit "B" to the proposed order because such claims, among other things: (i) request payment of WARN Act claims which have been resolved and paid where appropriate pursuant to the Final Order Approving Settlement Between The Debtors, Cerberus Capital Management, L.P., The Committee And The WARN Class Plaintiffs [Docket No. 4698] (the "WARN Order"); (ii) were filed in incorrect amounts and/or incorrect classifications; (iii) have been paid in part; and/or (iv) assert amounts due for severance pursuant to a company policy which was discretionary.

## Basis for Relief

13. Since the Bar Date, the Debtors and their advisers have been reviewing the Proofs of Claim filed in these cases. Based upon such review, and as indicated in the Declaration of Mickey Yung, Executive Vice President and Controller of the Debtors attached hereto, the Debtors have determined that the Disputed Claims summarized on Exhibits A and B attached to the proposed order should be reduced and/or reclassified and/or the claim should be modified to reflect the proper Debtor against whom the claim should be asserted.

14. As noted above, Exhibit A contains Disputed Claims which, among other things: (i) request payment of WARN Act claims which have been resolved and paid where appropriate pursuant to the Final Order Approving Settlement Between The Debtors, Cerberus

Capital Management, L.P., The Committee And The WARN Class Plaintiffs [Docket No. 4698] (the "WARN Order"); (ii) were filed in incorrect amounts and/or incorrect classifications; (iii) have been paid in part; and/or (iv) which assert amounts due for severance pursuant to a company policy which was discretionary.

15. Exhibit B contains Disputed Claims which, in addition to the reasons set forth above, were also filed against an incorrect Debtor.

16. Based upon a review of the Debtors' books and records and for the reasons set forth above and set forth on Exhibits A and B to the proposed order, the Debtors object to the Disputed Claims and seek entry of an order reducing and/or reclassifying and/or modifying the claims to reflect the correct Debtor and authorizing and directing the Claims Agent to modify the Claims Registry as necessary to reflect such relief should it be granted.

**Applicable Authority**

17. Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of
> [a] claim in lawful currency of the United States as of the date of
> the filing of the petition, and shall allow such claim in such
> amount, except to the extent that...such claim is unenforceable
> against the debtor and property of the debtor, under any agreement
> or applicable law for a reason other than because such claim is
> contingent or unmatured.

11 U.S.C. § 502(b)(1).

18. Based upon a review of the Debtors' books and records and for the reasons set forth above and on Exhibits A and B attached to the proposed order, the Disputed Claims, among other things, (i) request payment of WARN Act claims which have been resolved and paid where appropriate pursuant to the Final Order Approving Settlement Between The

Debtors, Cerberus Capital Management, L.P., The Committee And The WARN Class Plaintiffs [Docket No. 4698] (the "WARN Order"); (ii) were filed in incorrect amounts and/or incorrect classifications; (iii) have been paid in part; and/or (iv) which assert amounts due for severance pursuant to a company policy which was discretionary (Exhibit A) and/or were filed against an incorrect Debtor (Exhibit B).

19. Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007, the Court should reduce and/or reclassify and/or modify the Debtor against which the claim was filed for the Disputed Claims on Exhibits A and B attached to the proposed form of order.

### Responses to Objections

20. <u>Filing and Service of Responses.</u> To contest this Eleventh Omnibus Claims Objection, a claimant must file and serve a written response to the Eleventh Omnibus Claims Objection (a "Response") so that it is <u>received</u> no later than 4:00 p.m. (Eastern time) on November 9, 2009. Claimants should read the proposed Eleventh Omnibus Claims Objection and Order and the attached exhibits carefully. A claimant who has timely filed a written Response and wishes to oppose the Eleventh Omnibus Claims Objection must attend or make other arrangements to participate in the hearing on the objection, which hearing is scheduled to be held on November 16, 2009 at 10:30 a.m. before the Honorable Brendon L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").

21. Every Response shall be filed and served upon the following entities at the following addresses: (a) Office of the Clerk, United States Bankruptcy Court for the District of

Delaware, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, Esquire.

    22. <u>Content of Responses</u>. Every Response to the Eleventh Omnibus Claims Objection must contain at a minimum the following:

    a. a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of the objection to which the Response is directed;

    b. the name of the claimant and description of the basis for the amount of the Disputed Claim;

    c. a concise statement setting forth the reasons why the Disputed Claim should not be disallowed for reasons set forth in the Eleventh Omnibus Claims Objection including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the Eleventh Omnibus Claims Objection;

    d. all documentation or other evidence supporting the Disputed Claim not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant relies in opposing the Eleventh Omnibus Claims Objection; and

    e. the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Debtors should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

    23. <u>Timely Response Required.</u> If a claimant fails to file and serve a timely Response, then <u>without further notice to the claimant or a hearing</u>, the Debtors will present to the

Court an order disallowing the Disputed Claim in its entirety and authorizing and directing the Claims Agent to expunge the Disputed Claim.

24. <u>Service Address.</u> If a Response contains an address for the claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the Eleventh Omnibus Claims Objection unless or until counsel for the Debtors receives written notice from the claimant or the claimant's counsel of a changed service address.

## **Adjournment of Hearing**

25. The Debtors reserve the right to adjourn the Hearing on any Objection. In the event that the Debtors so adjourn the Hearing, they will state that the Hearing on the Objection and/or Response has been adjourned on the agenda for the Hearing on the Eleventh Omnibus Claims Objection, which agenda will be served on the person designated by the claimants in a Response pursuant to paragraphs 22(e) and 25 above.

## **Reservation of Rights**

26. The Debtors expressly reserve the right to amend, modify or supplement this Eleventh Omnibus Objection, and to file additional objections to the Disputed Claims or to any other claims (filed or not) that may be asserted against the Debtors. Should one or more of the grounds of objection stated in this Eleventh Omnibus Objection be overruled, the Debtors reserve their rights to object to the Disputed Claims on any other ground that bankruptcy or non-bankruptcy law permits.

### Further Information

27. Questions about or requests for additional information about the Eleventh Omnibus Claims Objection should be directed to the Debtors' counsel in writing at the address listed below (**Attn: Kathleen P. Makowski, Esquire**) or by telephone at (302) 778-6400 or by email at kmakowski@pszjlaw.com.

28. Claimants should not contact the Clerk of the Court to discuss the merits of their Proofs of Claim or this objection.

### Notice

29. Notice of this Objection has been given to the following parties, or in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' warehouse lenders and servicing advance creditors, Bear Stearns Mortgage Capital Corporation, Credit Suisse First Boston Mortgage Capital, LLC, and Lehman Brothers Bank, FSB; (iii) the Debtors' additional warehouse lenders, Residential Funding Company, LLC, IXIS Real Estate Capital, Countrywide Warehouse Lending, Liquid Funding Limited, Morgan Stanley Bank, and UBS Real Estate Securities, Inc; (iv) Madeleine L.L.C.; (vi) the Committee; (v) parties requesting notice under Bankruptcy Rule 2002; and (vi) all holders of claims which are the subject of this Eleventh Omnibus Objection. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

30. No prior motion for the relief requested herein has been made to this or any other court.

## Compliance with Delaware Bankruptcy Local Rule 3007-1

31. This Eleventh Omnibus Claims Objection complies with the requirements of Del.Bank.LR 3007. To the extent that this Eleventh Omnibus Claims objection does not comply with the Local Rules, the Debtors request a waiver of the Local Rules solely for the purposes indicated herein. In particular, the Debtors request a waiver of Local Rule 3007-1(e)(i)(A) which requires separate filings for substantive and non-substantive objections. All of the Disputed Claims addressed herein are claims of former employees. The inclusion of both substantive and non-substantive claims objection to these claims should not cause confusion or prejudice the claimants whose claims are affected by the Eleventh Omnibus Objection and will assist the Debtors in moving towards the complete review and resolution of claims on the Claims Register.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) reducing and/or reclassifying and/or modifying the Debtor against whom the claim should be filed for each of the Disputed Claims on Exhibits A and B attached to the order; and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: October 16, 2009

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jfried@pszjlaw.com