IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket NoS. 4567, 4618, 5112 ~5283 |

## SUPPLEMENTAL ORDER GRANTING AND SUSTAINING DEBTORS' SIXTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. § 502(b) AND BANKRUPTCY RULE 3007 [IRON MOUNTAIN]

This matter came before the Court on the Debtors' Sixth (non-substantive) omnibus objection to claims pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 (the "Sixth Omnibus Claims Objection").[2] The Court having reviewed the Sixth Omnibus Claims Objection; the Court finding good and sufficient cause for granting the relief requested in the Sixth Omnibus Claims Objection; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court otherwise being fully advised in the premises, it is hereby

**FOUND AND DETERMINED THAT:**

A. Iron Mountain Information (the "Iron Mountain") was properly and timely served with a copy of the Sixth Omnibus Claims Objection, the proposed order and the accompanying exhibit.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Suite I, Houston, TX 77082.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Sixth Omnibus Claims Objection.

B.  The Sixth Omnibus Claims Objection is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007, proof of claim #307 is hereby and shall be **RECLASSIFIED** as non-priority, general unsecured claim and is hereby and shall be **REDUCED AND ALLOWED**, solely against Aegis Mortgage Corporation in the amount of $867.33 which shall be satisfied pursuant to the terms of an approved plan of liquidation.

2. Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007, proof of claim #313 (together with proof of claim #307, the "Claims") is hereby and shall be allowed solely against Aegis Mortgage Corporation as a secured claim in the amount of $5,052.00, secured solely by the boxes of business record belonging to the Debtors' and currently in the possession of Iron Mountain (the "Collateral") with such secured claim to be satisfied entirely from the surrender of such Collateral to Iron Mountain, and as a non-priority, general unsecured claim in the amount of $62,425.20 which shall be satisfied pursuant to the terms of an approved plan of liquidation.

3. Except as set forth herein, Iron Mountain fully and forever releases, surrenders, gives up and discharges the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that Iron Mountain ever had, may have had or may have against the Debtors with respect to the proofs of claim number 307 and

313, including, but not limited to any and all claims for actual, punitive and/or statutory damages asserted or which could have been asserted against the Debtors. Iron Mountain further covenants not to sue or authorize a suit against the Debtors in connection with any of the foregoing released claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages.

4. Epiq Bankruptcy Solutions LLC, the official claims agent appointed in these cases, is hereby authorized and directed to make such revisions to the official Claims Registry as are necessary to reflect the relief granted pursuant to this Order.

5. The Debtors' objection to each Disputed Claim addressed in the Sixth Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Disputed Claim. Any stay of the Order pending appeal by any of the Claimants whose Disputed Claim is subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6. This order is without prejudice to the Debtors' right to object to any claims or interests filed in these chapter 11 cases.

7. This Court shall retain jurisdiction over the Debtors and the Claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: May 27, 2010

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge

00001-001\DOCS_DE:160018.1

6