K S Mc Clelland and
Ingela V. Kaersvang
P.O. Box 484
Yolo, CA 95697
(530) 666-7244
Claimants, Pro Per

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re ) Case No.: 07-11119(BLS)
) Chapter 11
AEGIS MORTGAGE, Et al. ) Date: June 28, 2010
) Time: 10:30 a.m.
Debtor )
_____ )

## CLAIMANTS' NOTICE AND MOTION:
1. TO ESTABLISH A PROCESS FOR DETERMINING DISABILITY ACCOMMODATIONS;
2. TO PERMIT THE SUBMISSION OF SEALEDRECORDS TO SUPPORT REQUEST FOR ACCOMMODATIONS;
3. FOR A CONTINUANCE TO DETERMINE ACCOMMODATIONS APPROPRIATE FOR THE CLAIMANT AND FUNCTIONS OF THE COURT;
4. TO COMPEL AND OBTAIN DISCOVERY;
5. FOR COMPLETION OF COMPLAINTANTS BANKRUPTCY (as Debtors have based their "Objection To Claimants Proof Of Claim" on the Claimant's bankruptcy being competed, and it is not[1]); AND FOR
6. A CONTINUANCE FOR THE SCHEDULED HEARING AND FOR ANY CONSISDERATION OF, ISSUING OF, OR SIGNINGOF ANY COURT ORDER BASED UPON THE FILINGS AND THE HEARING.

NOTE: Claimants are pro per and do not have access to electronic filing,
so hard copy has been sent to the court

I
### NOTICE

**NOTICE IS HEREBY GIVEN THAT:** On the 28th of **June, 2010**, at **10:30 a.m.** in United States Bankruptcy Court, 824 Market Street, 6th floor, Courtroom #1, Wilmington, DE 19801,

**CLAIMANT WILL MOVE THE COURT: FIRST,** To establish the process for determining the accommodations to be granted to the Claimant so that the Claimant can take full, fair, and equal participation in the Court process and issue resolution; **SECOND,** To continue the hearing scheduled for

---

[1] Through Debtors Objection to Claimants Proof of Claim, Claimant learned of irregularities in his bankruptcy – including notice of agenda and hearings, and decisions from those hearings, that Claimant did not know of (or attend) because the Court still had the Claimant's former attorney on record as attorney of record, when Claimant was pro per, and other irregularities that occurred. In order to correct the process and the bankruptcy Claimant Mc Clelland re-opened his bankruptcy June 16, 2010. The first hearing in that case is scheduled for August 23, 2010.

NOTICE AND MOTION Re: ACCOMMODATIONS, SUBMISION OF SEALED REORDS, AND CONTINUANCE

1

June 18th, 2010 at 10:30 a.m. E.D.T. for at least 60 days, or until the accommodation determination process can be completed; **THIRD,** To permit the submission of sealed records to support requested accommodations; and **FOURTH,** The continuance will permit the Claimant to, through the subpoena process, to compel and obtain discovery necessary for Claimant to make an adequate and thorough response to Debtors' 417 page objection to Claimant's claim.

**NOTICE IS HEREBY GIVEN TO:** The Court, Aegis Mortgage Corporation and Aegis Lending Corporation- by service to their Attorney of Record concerning the Claim Number: 1686, 1687, and 1847 that at the above time and place, Claimants will Move the Court as stated above.

II
## MOTION

### 1. CLAIMANT/CREDITOR MOVES THE COURT TO GRANT HIM APPROPRIATE ACCOMMODATIONS

Creditor/Claimant has medical conditions that severely affect his quality of life and his ability to take part in the Court's procedures and in resolving the issues before the Court. Claimant therefore request that the Court grant him appropriate accommodations, in accordance with the Americans With Disabilities Act (A.D.A, hereafter) that will permit him to take full, fair, and equal participation in the Court process and resolution of the issues in this case. Considering the Claimants disability, which will be documented and supported as the Court requests, if the Court request more than that which is sealed in the envelope for the Judge to read, the Claimant should not be required to respond to the Debtors Objection to Claimants' Proof OF Claim until the determination of appropriate accommodations has been made.

Since the Claimant's legal research hasn't found any procedures listed in the Court's Local Rules, nor in the Federal Rules of Court, for determining the accommodations to be granted a party, this Court needs to either accept the documentation provided in the sealed envelope, or develop a procedure for determining and granting appropriate accommodations.

Claimant informed Debtors' attorney that he has a disability and needs accommodations (medical details not provided), hoping to work out an adjusted scheduling agreement between the Parties and then present that agreement to the court for its approval. Debtor's attorney stated that Claimant should request accommodations from the court, and that is what I am doing herein.

This process should be between the Court and the Party needing and seeking the accommodations, the Claimant/Creditor – in this case. The Claimant's medical condition and need for accommodations do not affect any financial arrangements or concerns between the Claimant and any of the Debtors. If

the Claimant was claiming that somehow his medical/physical condition affected his ability to make a contract or form financial arrangements or agreements, then that would be a matter to be argued before the court, and would be fully explored and argued by the Debtors. That is not the case here. The Claimant is making no such defense. The Debtors have no need to know the Claimant's Medical history and should not be permitted to examine the Claimant's private medical history, nor should they be permitted to exploit it for the purpose of embarrassing or humiliating the Claimant or to exposing it to public access and knowledge. This process, the determining of appropriate accommodations, should be between the Court and the Party needing and seeking the accommodations, the Claimant– in this case.

The Claimant moves the Court to establish a process for determining the appropriate accommodations, and in accordance with that process, grant the Claimant the appropriate accommodations.

The Claimant moves the Court to grant the following accommodations:

A. That no hearing or process last more than 4 hours in any given day;
B. That Claimant be granted double the standard time limits for producing, answering, or filing any documents, notices, motions, or responses.

Claimant has supplied a letter documenting the need for the stated accommodations. That letter is in a sealed envelope that is addressed to, and should only be opened by, the Judge. If more documentation is needed, it will be supplied in compliance with the procedures developed by the Court for determining the accommodations to be granted.

The procedures for determining the accommodations should be established before the before the date the Hearing is continued to is set.

## 2. CLAIMANT MOVES THE COURT FOR A CONTINUANCE FOR ACCOMMODATION DETERMINATION

Claimant moves the Court to continue the hearing scheduled for June 28th, 2010 at 10:30 a.m. E.D.T. for at least 90 days, or until the accommodation determination process can be completed and the scheduling can be set in accordance with the determined accommodations. Claimant cannot, without accommodations, take a fair or equal part in the Courts processing of his claim, and his equal access and participation rights of the A.D.A. would be denied. The equal access clause does not only mean equal physical access to the Courthouse, it means equal access to the Court process. 90 days is a reasonable

amount of time for the acquisition (possibly from multiple sources) and evaluation of any medical records the Court may request of the Claimant.

### 3. CLAIMANT MOVES THE COURT TO PERMIT THE SUBMISSION OF SEALED RECORDS

Claimant moves the Court to permit the submission of sealed records pertaining to the Claimant's reason for, and the necessity of, accommodations. This request is made to protect the privacy of the Claimant and to prevent embarrassment and humiliation exposure of the records would cause the Claimant.

This request provides the Court with the information necessary for its determination of appropriate accommodations. Permitting the submission of sealed records does not impinge upon the public's right to know because the Claimant's need for accommodation is not an issue argued before the Court, is not an issued between parties, and is not a matter of public right to know. It is a matter to be resolved between the Court and the party seeking the accommodation(s), the Claimant, in this case. Permitting the submission of sealed records to be viewed only by the Judge protects the privacy of the Claimant and protects the integrity of the Court process by permitting the Court to be fully informed and by permitting full and fair participation by a party to the case before the Court.

### 4. CLAIMANT MOVES THE COURT FOR A CONTINUANCE TO PERMIT DISCOVERY

On the 15th of June 2009 Claimants made a telephonic appearance before this Court concerning their claim against the Debtors. Only thing was, without notice to the Claimants the Debtors had continued the hearing. You asked Claimants to give their phone number to Debtors' counsel (That were present in your court on a different claim). We provided our phone number. Your Honor ordered Debtors' counsel to call us (the Claimants) and to keep the Claimants informed as to the progress of the case.

    Contrary to Courts Order:
1.     The Debtors' Attorney never called us.
2.     The Debtors' attorney has not kept us informed as to the progress of the case.
    A.     In fact they have claimed, on three separate occasions, to have informed us by fax of their continuances of scheduled hearings. Which is interesting, and would be acceptable, except---we do not have a fax number nor a fax machine!

B.  Three times Debtors have sent us a Notice of Agenda that was received AFTER the scheduled hearing and some of those were mailed AFTER the scheduled Hearing. Had those scheduled hearings not been continued by the Court or by the Debtors, the Claimants would not have been present ant the Debtors could have gotten a default judgment in their favor.

C.  Twice the Debtors' have agreed to a 60 day continuance stipulation which Claimants prepared and signed, but that the Debtors did not forward to the Court and a hearing was scheduled for 30 days - without notice to the Claimants. The scheduled hearings were continued by the Court. Had they not been the Claimants, who have an $815,000 (eight-hundred-fifteen-thousand dollars) claim against the Debtors, would have not been present – in accordance with the stipulation they had signed - and the Debtors would have gotten a default judgment in their favor. IT SHOULD BE NOTED that the Claimants would be happy to waive the money claimed if the Debtors would just reconvey the property to the Claimants, a no cost to the bankruptcy estate resolution.

D.  Debtors' attorney has informed Claimants that, "Long before any hearing is scheduled," they would be contacted by an associate (attorney) and the issues would be discussed and resolution of the matter would be explored. During that process, the Debtors' attorney assured the Claimants, there would be plenty of time for discovery. Last May, maybe late April, Debtor's Attorney assured Claimants that an associate (attorney) assigned to the case would soon be contacting the Claimants. Claimants relied upon the word of the Debtors' attorney, an Officer of the Court.

　　i.  In May the Claimants received the Debtors Objection to Claimants Proof of Claim. The claimants were not contacted by any associate attorney of the legal firm representing the Debtors. There wasn't any discussion of the issues and there wasn't any exploration of resolution of the matter. Nor, because the Claimants had relied upon the word of an Officer of the Court, an attorney, was there any formal discovery.

Receiving the Debtors Objection to Claimants Proof of Claim was a surprise because it was an action directly contrary to the procedures described to Claimants by Debtors' attorney, and was directly contrary to the Debtors' attorney's word. How was receiving the 417page Debtors Objection to

Claimants Proof of Claim in May for a hearing scheduled in May, "Long before any hearing is scheduled."
It wasn't, but then there wasn't any discussion of the issues or exploration of resolution, either. Nor was there any discovery, but perhaps preventing discovery was the point, the purpose of the subterfuge. It certainly wasn't, 'keeping the Claimants informed as to the progress of the case' (Judges Order to Debtors' Counsel, from the bench, June 15, 2009).

Claimants Move the Court for a 90 day continuance (to September 27, 2010) to permit discovery, by subpoena, so the Claimants can make a fully informed and complete response to the Debtors' Objection to Claimants Proof of Claim. The discovery process can begin while the determination of adequate accommodations is in process. Claimants do not want to waste the Court's time. With the Debtors co-operation, Claimants believe discovery could be completed within 60 days and the Claimants will need at least 30 days after completion of discovery to prepare a response the Debtors' Objection to Claimants Proof of Claim.

5. **CLAIMANT MOVES THE COURT FOR A CONTINUANCE TO COMPLETE HIS BANKRUPTCY**
   (As Debtors have based their "Objection To Claimants Proof Of Claim" on the Claimant's bankruptcy being competed, and it is not[2]).

In Debtors Objection to Claimants' Proof of Claim, Debtor relies upon Claimants bankruptcy as having been completed and to decisions made by the Court during the bankruptcy. Because Debtor refers to a decision by the court, for a hearing the claimants (in this case, 07-11119(BLS) and Debtor in that case, did not know of, and because there are irregularities in procedures, including – but not limited to: 1. The Claimant's former attorney (that quit the case) is still recorded as the Attorney of Record; 2. Claimant apparently did not get information from the Court or from other attorneys in the case. When he should have since he was the Debtor, pro per; and 3. At present, case records are also missing; Claimant re-opened his bankruptcy with the first hearing scheduled for August 23, 2010 (See Attachment 1). Concurrent with Claimants refilling of his bankruptcy, a stay went into effect including, and specifically mentioning, the Subject Contract/Loan and the Claimants real property.

**The Subject Contract/Loan is:** Loan Number 010105534292, recorded with the Yolo County Recorder's Office as Doc. Number 2005-0006805-00, and also referred to by Aegis Mortgage Corporation Account #400092433 and Ocwen Loan Servicing, LLC Loan No. 70170246.

---

[2] Through Debtors Objection to Claimants Proof of Claim, Claimant learned of irregularities in his bankruptcy – including notice of agenda and hearings, and decisions from those hearings, that Claimant did not know of (or attend) because the Court still had the Claimant's former attorney on record as attorney of record, when Claimant was pro per, and other irregularities that occurred. In order to correct the process and the bankruptcy Claimant Mc Clelland re-opened his bankruptcy June 16, 2010. The first hearing in that case is scheduled for August 23, 2010.

**The Claimants real property** is 27.18 acre farm, located at 13250 County Road 99B, Woodland, CA 95695, with reserved address of 13226-50, Yolo County Assessor's Parcel Number (A.P.N.) of: 027-200-11 with the legal description of: Lot 5, Marston's Subdivision, filed January 11, 1895, in book 1 of Maps and Surveys, page 75, Yolo County Records.

Claimant Moves the Court to continue the scheduled hearing for September 27, 2010 or until the procedural errors have been corrected, the missing records located for Claimants bankruptcy in E.D California Bankruptcy and until the Claimants E.D. California bankruptcy is completed.

6. **CLAIMANT MOVES THE COURT FOR A CONTINUANCE FOR THE SCHEDULED HEARING AND FOR ANY CONSISDERATION OF, ISSUING OF, OR SIGNINGOF ANY COURT ORDER BASED UPON THE FILINGS AND THE HEARING: <u>SUMMARY AND CLOSING.</u>**

Claimant moves the Court for a continuance Until September 27, 2010, or a date thereafter that is convenient for the court, for the scheduled hearing and for any consideration of, issuing of, or signing of any court order based upon the filings and the hearing for the following reasons:

  a. Claimant has disabilities and Claimant is unable to fully, fairly and properly respond to the Debtors Objection to Claimants' Proof of Claim, Claim Numbers: 1686 and 1687, or to take part in the in the Court's proceedings and procedures without accommodations being granted by the Court;

  b. A continuance is necessary to develop the procedures for determining the appropriate accommodations, and in accordance with the yet to be developed procedures, to determine the appropriate accommodations;

  c. Medical records will need to be gathered as request by the Judge, and to be sent to the Court (hopefully in a sealed envelope for only the Judge to read) for the Courts consideration and accommodation determination;

  d. Since the discovery process has been disrupted by the Debtor:
    i. The Claimants need to compel by subpoena the documents, records, and information to be discovered;
    ii. The Claimants need time to evaluate the discovered documents, records, and information, and;
    iii. The Claimants need time to write the Claimants response to Debtors Objection to Claimants Proof of Claim;

e. The Claimant needs time to complete his bankruptcy that was re-opened due to Claimants' discovery in Debtors Objection to Claimants Proof of Claim that there were, and are, serious procedural issues, missing records and misidentification of the Attorney of record, among other issues and problems in the Claimant's bankruptcy, so Claimant has re-opened his bankruptcy and request a continuance until the Claimant's bankruptcy can be completed, and upon its completion the Debtors, if it is proper to do so, may respond to, and/or object to the Claimants' Proof of Claim.

**FOR ALL THE ABOVE REASONS, CLAIMANTS MOVE THE COURT FOR A CONTIUANCE UNTIL SEPTEMBER 27, 2010, or a date later at the Courts convenience.**

**CLAIMANTS' OBJECT TO DEBTORS' CLAIMS OBJECTION.** Claimants will prepare a written response to Debtors Claims Objection and will submit it in accordance with the accommodations and scheduling time limits granted Claimant. However, to preserve their rights the Claimants object to and disagree with the Debtors Claims Objection in that it is: Factually incorrect; Misstates and omits the law - Presents parts of subsections of law strung together to create the appearance of law, when it is not (and nowhere do they present the statutory law or any full section of it, in its entirety); its content is self-contradictory; statements are conclusory; and the Debtors misstate and misrepresent the Claimants' position in a blatant[3] attempt to purposely mislead the court. Perhaps the Claimants are naïve but we expected more integrity and an honest presentation of facts and forthright argumentation. It appears we expected too much.

Everything said in this document is true and accurate to the best of my ability and is submitted under the penalty of perjury of the perjury laws of the United States of America on this the 18th day of June, 2010, by _____ and _____

K S Mc CLelland    Ingela V. Kaersvang

---

[3] It is BLATANT and outrageous to those that actually know the facts and have read the full sections of law that were fragmented and distorted by the Debtors' presentation.

NOTICE AND MOTION Re: ACCOMMODATIONS, SUBMISION OF SEALED REORDS, AND CONTINUANCE

8