IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related to Docket No. 5246, 5320 |

Hearing Date: June 30, 2010 at 10:30 a.m. prevailing Eastern time

## DEBTORS' RESPONSE TO K.S. McCLELLAND'S AND INGELA V. KAERSVANG'S "CLAIMANTS' NOTICE AND MOTION TO ESTABLISH A PROCESS FOR DETERMINING DISABILITY ACCOMMODATIONS [ETC.]"

Debtors and debtors-in-possession Aegis Mortgage Corporation, *et al.* (the "Debtors") hereby respond to the *Claimants' Notice and Motion: 1. to Establish a Process for Determining Disability Accommodations; 2. to Permit the Submission of Sealed Records to Support Request for Accommodations; 3. for a Continuance to Determine Accommodations Appropriate for the Claimant and Functions of the Court; 4. to Compel and Obtain Discovery; 5. for Completion of Complainants Bankruptcy (as Debtors have based their "Objection to Claimants Proof of Claim" on the Claimant's bankruptcy being completed, and it is not); and for 6. a Continuance for the Scheduled Hearing and for any Consideration of, Issuing of, or Signing of any Court Order Based Upon the Filings and the Hearing* [Docket No. 5320] (the "Motion") purportedly filed by claimants K.S. McClelland and Ingela v. Kaersvang ("Claimants"). In support of their response, the Debtors represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Suite I, Houston, TX 77082.

1.   The Motion relates to the *Debtors' Objection to K.S. McClelland and Ingela Kaersvang Proof of Claim No. 1847 (Amending and Superseding Claim Nos. 1686 and 1687)* (the "Claims Objection"), filed by the Debtors on April 26, 2010 (Docket No. 5246).

2.   The Claims Objection was noticed for hearing on May 26, 2010. At the request of the Claimants, it was continued by the Debtors to June 30, 2010. For the reasons stated below, it should be heard as scheduled, and the Motion should be summarily denied.

3.   The Claims Objection seeks an order: (1) disallowing and expunging proof of claim number 1847 filed on May 11, 2009, and (2) deeming proofs of claim numbers 1686 and 1687 superseded by proof of claim number 1847, and disallowing such claims on that basis, and/or to the extent they are not deemed superseded, on the same substantive grounds applicable to proof of claim number 1847 (proofs of claim numbers 1686, 1687 and 1847, the "Claims").

4.   The Motion was received on June 22, 2010. It requests "accommodations" under the Americans With Disabilities Act, based on an alleged disability of one of the Claimants, McClelland, that he wishes not to disclose to the Debtors. Claimants request (1) a four hour limit on hearings, and (2) double the time limits for oppositions or other filings. Initially, they request to continue the hearing on the Claims Objection for another 90 days, in order to determine whether McClelland has a disability in the first place. They also request leave to file evidence of the alleged disability under seal. They further represent that the continuance is necessary to permit discovery, which they argue they were prevented from conducting, based on (inaccurate) assertions that they did not receive notice of continuances in connection with the Debtors' prior objection to their prior claims (now superseded by the claim that is the subject of the instant Claim Objection), and that nobody has explored settlement with

them. They also argue the continuance is needed so that McClelland can reopen his bankruptcy case to correct "irregularities," a motion he asserts will be heard on August 23, 2010. Finally, they include - without any discussion or authority - a provision in their form of order deeming their real property protected by the automatic stay and ordering that "[n]o party, person, or entity may prepare to, or actually, move, transfer, assign, sell, or trade either the Subject Contract/Loan or the above described real property until the claims are resolved or on lawful Order of the Court."

    5. The only response to the Claims Objection is a closing paragraph on page 8 in which the Claimants generally assert without detail that the Claims Objection is factually inaccurate, misstates the law, omits parts of statutes, is self-contradictory and conclusory and misstates the Claimants' position.

    6. The Claims Objection should be heard at the continued hearing date of June 30, 2010, and the Motion should be denied for many reasons.

      a. First, the hearing on the Claims Objection was already continued once at McClelland's request. The Claimants request that they be afforded double the time to file oppositions: They have already received double the time, and submitted no substantive opposition. The suggestion that more time is required because the Claims Objection is 417 pages long is transparently disingenuous: most of those 417 pages are exhibits containing the Claimants' own voluminous, rambling submissions.

      b. No continuance is warranted for proceedings to determine whether one of the Claimants has a disability. The Court already has discretionary authority to make

"accommodations" based on whatever evidence McClelland submits (and to decide whether such evidence should be sealed): no determination of a disability is needed.

    c. No continuance is warranted to conduct discovery. The Claimants' complaints about failure to receive notices in connection with continuances of the objection to their previous claims are both irrelevant and factually inaccurate. The Claims Objection is the first pleading to address their amended Claim, which is much broader than, and which the Claimants contend supersedes, the original Claims to which the Debtors objected. While the issue is irrelevant as no hearing or adjudication of the Claims has taken place, Debtors' counsel can confirm to the Court that the Claimants have been served with previous hearing agendas by overnight delivery, and Debtors' counsel has spoken with Claimant on the telephone to and confirmed that such notices were actually received.

    d. The Claimants identify no substantive issue on which discovery is required. The legal bases for disallowance are: (i) the claims were previously dismissed and so subject to res judicata – the factual basis of which is the subject of judicial notice; (ii) the California predatory lending statutes invoked by Claimants are inapplicable – which is a legal determination based on application of the statute to the facts postulated by the Claimants; (iii) the Loan did not violate the California Residential Mortgage Lending Act because the supposed 25 acre restriction is legally nonexistent – another question of law; and (iv) there is no claim or right to rescind under state law or the truth-in-lending act ("TILA") – the latter of which is a question of law, and the former of which presents the sole factual issue in this matter, which is whether those are Claimants' signatures on the disclosures that they supposedly did not receive. No

discovery is even theoretically relevant to any issue but the last of these, and even there the Claimants have established no dispute as to the authenticity of their signatures.

e.  No continuance is warranted to permit McClelland to reopen his bankruptcy case to address "irregularities." His bankruptcy case is not presently open; he has apparently only moved to re-open it, and purports to have a hearing date of August 23, 2010. The Debtors are not aware of receiving any notice of such a motion. In any event, any reopening of McClelland's personal bankruptcy case would have no bearing on the Debtors' objection to the Claims asserted in the Debtors' Chapter 11 cases, which this Court has exclusive jurisdiction to determine. Moreover, McClelland does not even describe what relief he will seek, the availability of such relief, or its sufficiency to defeat the Claims Objection. Thus Claimants fail to demonstrate any justification for placing these proceedings on indefinite hold based on the contingent reopening of McClelland's personal bankruptcy case.

f.  The purpose of the requested delay is immediately apparent from the inclusion in the proposed order of an injunction against certain actions against Claimants' real property. There is simply no legal or substantive basis for such relief. The Debtors do not even own the loan on Claimants' property. The Court has no jurisdiction to enjoin third parties from taking actions against the Claimants, and no basis for doing so even if it could.

7.  Claimants assert a claim against the Debtors for over $800,000 for lending them $286,000 that Claimants did not repay, based on outdated law, made-up facts and spurious legal theories. Claimants' efforts to protract this proceeding – even after it has been shown that they received the disclosures that they claim they did not receive, and which would not support the relief they seek as a matter of law in any event – are substantively and factually baseless.

Even under the liberal standards applicable to pro se litigants, these Claimants have entered the zone of sanctionable conduct. The hearing on the Claims Objection should proceed as scheduled on June 30, 2010, and the Motion should be summarily denied.

Dated: June 25, 2010

        PACHULSKI STANG ZIEHL & JONES LLP

        */s/ Kathleen P. Makowski*
        Laura Davis Jones (Bar No. 2436)
        Harry Hochman (CA Bar No. 132515)
        Kathleen P. Makowski (Bar No. 3648)
        919 North Market Street, 17th Floor
        Wilmington, DE 19899
        Telephone: 302-652-4100
        Facsimile: 302-652-4400
        Email: ljones@pszjlaw.com
              hhochman@pszjlaw.com
              kmakowski@pszjlaw.com