IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Deadline: August 17, 2010 at 2:45 p.m. E.T.
Objection Date: August 10, 2010 at 4:00 p.m. E.T.

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT; (B) SCHEDULING A HEARING TO CONFIRM THE AMENDED CHAPTER 11 PLAN OF AEGIS MORTGAGE CORPORATION, ET AL.; (C) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (D) APPROVING FORM OF BALLOTS, VOTING DEADLINE AND SOLICITATION PROCEDURES; (E) APPROVING EPD/BREACH CLAIMS QUESTIONNAIRE PROCESS; AND (F) APPROVING FORM AND MANNER OF NOTICES

The above-captioned debtors and debtors in possession (the "Debtors") hereby

move the Court (the "Motion") for the entry of an order (a) approving the adequacy of the

Debtors' disclosure statement; (b) scheduling a hearing to confirm the Debtors' *Amended

Chapter 11 Plan of Aegis Mortgage Corporation, et al.*, dated July 12, 2010 (the "Plan"); (c)

establishing the deadline for filing objections to confirmation of the plan; (d) approving the form

of ballots, voting deadline and solicitation procedures; (e) approving a process for the solicitation

of information regarding EPD/Breach Claims (both for voting and distribution purposes); and (f)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Ste. 1, Houston, TX 77042.

approving the form and manner of various notices related thereto. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue for these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 1125 and 1126 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 3017, 3018 and 3020, and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

4. On August 13, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On August 24, 2007, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").

6. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Edward S. Robertson, Executive Vice*

2

*President and Chief Financial Officer, in Support of First Day Motions* (the "Robertson Declaration") that was filed on the Petition Date, and is incorporated herein by reference.

7. On August 15, 2007, Epiq Bankruptcy Solutions LLC ("Epiq"), was appointed by the Court as the claims notice and balloting agent for these Chapter 11 Cases.

8. On September 28, 2007, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs with the Bankruptcy Court ("Schedules"), which set forth, *inter alia*, the scheduled prepetition claims against the Debtors based on their books and records. The Debtors' meeting of creditors under section 341 of the Bankruptcy Code was held on September 19, 2007. The Court set (a) February 1, 2008 as the deadline for all creditors (excluding governmental units) to file proofs of claim for any claims against the Debtors arising prior to the Petition Date (the "General Bar Date"), and (b) February 11, 2008, as the deadline by which all governmental units must file proofs of claim with the Court for any claims against the Debtors arising prior to the Petition Date (the "Governmental Unit Bar Date"). A schedule of the filed Proofs of Claims is being maintained by Epiq.

9. On July 12, 2010, the Debtors filed the Plan [Docket No. 5364] and a *Disclosure Statement in Respect of Amended Chapter 11 Plan of Aegis Mortgage Corporation, et al.* [Docket No. 5365] (the "Disclosure Statement"). On July 13, 2010, the Debtors served notice of the hearing on the Disclosure Statement upon all of the Debtors' creditors identified on the creditor matrix for these cases.

10. The Plan is the product of extensive negotiations with the Debtors' key constituencies, including the Committee, various of the Debtors' principal creditors and its principal shareholder and is supported by each of these parties.

11.  A hearing to consider the relief sought in this Motion, including approval of the adequacy of the Disclosure Statement for solicitation to creditors, is scheduled for August 17, 2010, at 2:45 p.m.

## Relief Requested

12. By this Motion, the Debtors request that this Court enter an order (a) approving the adequacy of the Disclosure Statement; (b) scheduling a hearing to confirm the Plan; (c) establishing the deadline for filing objections to confirmation of the Plan; (d) approving the form of ballots, voting deadline and solicitation procedures including, but not limited to, the EPD/Breach Claim voting and information-gathering procedures; and (e) approving the form and manner of notices related thereto.

## Disclosure Statement

13. Section 1125 of the Bankruptcy Code requires that disclosure statements be approved by the bankruptcy court as containing "adequate information" prior to a debtor's commencement of solicitation of acceptances or rejections to its plan. *11 U.S.C. § 1125(b)*. "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]

*11 U.S.C. § 1125(a)(1).*

4

14. The Disclosure Statement in this case is the product of extensive review and analysis of the Plan. The Disclosure Statement contains "adequate information," including, without limitation, a description of following matters: (a) the Debtors' business operations, corporate structure and management; (b) the Debtors' financing and significant indebtedness; (c) the circumstances leading to the commencement of the Chapter 11 Cases; (d) the filing of the Chapter 11 Cases and a description of the First Day Motions and other relief sought at the inception of the Chapter 11 Cases; (e) an overview of the Plan; (f) the classification and treatment of claims and equity interests under the Plan; (g) the provisions governing distributions under the Plan; (h) the means for the implementation of the Plan; (i) the treatment of executory contracts and unexpired leases under the Plan; (j) the procedures for the resolution of disputed, contingent and unliquidated claims under the Plan; (k) the confirmation and effectiveness of the Plan; and (l) related voting and confirmation procedures.

15. The information contained in the Disclosure Statement constitutes the pertinent information necessary for holders of claims to make an informed decision about whether to vote to accept or reject the Plan.

16. The Debtors submit that the Disclosure Statement contains adequate information as defined by the Bankruptcy Code and interpreted in relevant case law. Therefore, the Debtors request that the Court enter an order approving the adequacy of the Disclosure Statement and authorizing its solicitation pursuant to the procedures set forth herein.

## Confirmation Hearing

17. The Debtors request that the Court schedule a hearing to consider confirmation of the Plan (the "Confirmation Hearing") pursuant to section 1128 of the

Bankruptcy Code and Bankruptcy Rule 3017(c) on the omnibus hearing dated scheduled for October 7, 2010, at 10:30 a.m. or as soon thereafter as the Court's schedule permits.[2]

18. Once set, with the approval of the Court, the Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise without further notice to parties in interest.

### Plan Objection Deadline

19. The Debtors request that this Court establish September 28, 2010 at 4:00 p.m., as the deadline for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline").

20. The Debtors request that the Court require that all objections to the Plan be filed with the Court on or before the Plan Objection Deadline and served in a manner so that they are <u>actually received</u> on or before the Plan Objection Deadline by the following parties (collectively, the "Notice Parties"):

| **Debtors:** | **Committee:** |
|---|---|
| Pachulski Stang Ziehl & Jones LLP | Hahn & Hessen, LLP |
| 919 North Market Street | 488 Madison Avenue |
| 17th Floor | New York, NY 10022 |
| Wilmington, DE 19899 | Tel. (212)- 478-7200 |
| Tel. (302)-652-4100 | Fax (212)- 478-7400 |
| Fax (302)-652-4400 | Attn: Mark Power, Esq. |
| Attn: Laura Davis Jones, Esq. | |
| **United States Trustee:** | Landis Rath & Cobb LLP |
| Office of the United States Trustee | 919 N. Market Street |
| J. Caleb Boggs Federal Building | Suite 600 |
| 844 N. King Street, Suite 2207 | Wilmington, DE 19899 |
| Lock Box 35 | Tel (302)-467-4400 |
| Wilmington, DE 19801 | Fax (302)-467-4450 |
| Attn: David Buchbinder, Esq. | Attn: Adam Landis, Esq. |

---

[2] All dates contained in this motion are proposed dates and have not been cleared with or approved by the Court as of the time of filing this motion.

6

21. The Debtors further request that (a) the Court only consider timely filed and served written objections to the Plan; (b) the Court require all objections to (i) state with particularity the legal and factual grounds for such objection, (ii) provide, where applicable, the specific text that the objecting party believes to be appropriate to insert into the Plan and (iii) describe the nature and amount of the objector's claim; and (c) objections not timely filed and served in accordance with the procedures of this Motion be overruled.

22. The Debtors request permission to be allowed to file a brief in support of confirmation of the Plan, and, with regard to any timely-filed objection(s), an omnibus reply, on or before three (3) business days prior to the Confirmation Hearing. This will allow the Debtors to advise the Court of any objections that they have been able to resolve, and to frame in writing the issues, if any, that remain to be resolved at the Confirmation Hearing, thereby reducing the amount of time that will be needed for oral argument.

## Solicitation Procedures

23. To conduct an effective solicitation of acceptances or rejections of the Plan that is consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and due process, the Debtors seek approval of the following solicitation procedures (the "Solicitation Procedures"). To the extent that circumstances arise that require a modification of the Solicitation Procedures, the Debtors reserve the right to supplement or amend such Solicitation Procedures.

### *Voting Record Date*

24. Bankruptcy Rule 3017(d) provides that, for purposes of voting on a plan of reorganization under the Bankruptcy Code, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after

7

notice and a hearing." *Fed. R. Bankr. P. 3017(d)*. Bankruptcy Rule 3018(a) provides that "an equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and hearing." *Fed. R. Bankr. P. 3018(a)*.

25. In accordance with Bankruptcy Rules 3017 and 3018, the Debtors propose that the Court establish the date on which the order approving the Disclosure Statement is entered as the record date for purposes of determining which creditors are entitled to vote on the Plan (the "Voting Record Date"). The Voting Record Date should apply to all holders of claims and creditors.

### *Voting Deadline*

26. The Debtors request that the Court enter an order (a) setting September 28, 2010 (the "Voting Deadline") as the deadline for casting a Ballot (as defined below) to accept or reject the Plan, which date will provide creditors with at least twenty-eight (28) days to vote following service of the Solicitation Package (as defined below) and (b) requiring that all Ballots accepting or rejecting the Plan be received by the Claims Agent by 7:00 p.m., prevailing Eastern time, on the Voting Deadline at the following addresses, as specified on each holders' Ballot:

**If by first class mail or USPS Express Mail:**

**Aegis Mortgage Ballot Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, P.O. Box 5014**
**New York, NY 10150-5014**

**If by overnight courier or hand delivery:**

**Aegis Mortgage Ballot Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue, 3rd floor**
**New York, NY 10017**

8

27. The Debtors or the Court may extend the period during which votes will be accepted by the Debtors, in which case the Voting Deadline shall mean the last time and date to which such solicitation is extended.

***Form of Ballots***

28. All votes to accept or reject the Plan must be cast by using the appropriate ballot ("Ballot"). The Debtors will prepare customized Ballots for those classes of claims under the Plan that are entitled to vote to accept or reject the Plan in accordance with Bankruptcy Rule 3018(c). The Ballots (substantially in the form attached hereto as Exhibit A) and the voting instructions thereto (substantially in the form attached hereto as Exhibit B) will be distributed to all creditors who are entitled to vote on the Plan.

29. By this Motion, the Debtors seek approval of the form of Ballots, and voting instructions thereto, described above, in substantially the form attached hereto as Exhibits A and B, for submission to creditors. The proposed form of the Ballot also contains a box for Creditors to exercise the Convenience Claim election under the Plan. Specifically, the Plan provides that Creditors holding Unsecured Claims greater than $25,000 in the aggregate may elect to reduce such Claims to a single Claim of $25,000 in the manner set forth on the Ballot. Under the Plan, each Holder of an Allowed Convenience Claim shall receive a Cash payment equal to 20% of the amount of such Claim.

30. In addition, the Debtors seek authority to distribute Ballots to the following impaired classes entitled to vote to accept or reject the Plan:

| Class | Description | Voting Rights |
|:---:|:---|:---:|
| 1 | Priority Claims (Non-Tax) | Entitled to Vote |
| 2 | Secured Claims | Entitled to Vote |
| 3 | Convenience Claims[3] | Entitled to Vote |
| 4 | Consolidated Debtors Unsecured Claims | Entitled to Vote |
| 5 | Consolidated Debtors EPD/Breach Claims | Entitled to Vote |
| 7 | Aegis REIT Unsecured Claims | Entitled to Vote |
| 8 | Aegis REIT EPD/Breach Claims | Entitled to Vote |
| 11 | Aegis REIT Preferred Stock Equity Interests | Entitled to Vote |

31. Under the Plan, Class 6 – Velazquez Claims are unimpaired and deemed to accept the Plan and, accordingly, are not entitled to vote. Holders of Velazquez Claims that are Velazquez Settlement Class Members will be treated outside the Plan pursuant to the terms and conditions of the Velazquez Settlement as described in the Disclosure Statement. Class 9 - Intercompany Claims, Class 10 Consolidated Debtors Equity Interests, Class 12 Aegis REIT Common Stock Equity Interests are deemed to reject the Plan and are likewise not entitled to vote to accept or reject the Plan. Accordingly, no Ballots shall be sent to the holders of Claims or Equity Interests in Classes 6, 9, 10, and 12. Accordingly, the Classes of the Plan which are not entitled to vote are as follows:

| Class | Description | Voting Rights |
|:---:|:---|:---|
| 6 | Velazquez Claims | Not Entitled to Vote |
| 9 | Intercompany Claims | Not Entitled to Vote |
| 10 | Consolidated Debtors Equity Interests | Not Entitled to Vote |
| 12 | Aegis REIT Common Stock Equity Interests | Not Entitled to Vote |

---

[3] As noted above, under the Plan, Convenience Claims refers to those Unsecured Claims held by a single Creditor that are either (i) less than $25,000 in the aggregate, or (ii) greater than $25,000 in the aggregate but as to which the Holder thereof has voluntarily and timely elected in writing to reduce to a single Claim of $25,000 in the manner set forth on the Ballot. Any Holder of a Claim that would otherwise have been classified in Class 4, but for the timely election on the Ballot by the Holder to reduce the aggregate of all its Claims to a single Claim of $25,000 and participate solely in Class 3. shall be deemed to have waived any right to participate in Class 4 as to any and all Claims held by such Holder and shall receive no distribution under Class 4.

10

*Solicitation Package*

32. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization. The Debtors propose that, by no later than August 31, 2010, the following materials be distributed to those parties entitled to vote on the Plan (the "Solicitation Package"):

 (a) the Disclosure Statement (including any schedules and exhibits);

 (b) the Plan (including any schedules and exhibits);

 (c) the appropriate Ballot and voting instructions;

 (d) the Confirmation Hearing Notice (as defined below);

 (e) any supplemental solicitation materials filed with the Court; and

 (f) a pre-addressed return envelope for the Ballot at the Debtor's sole discretion.

33. Specifically, the Debtors propose to mail or cause to be mailed Solicitation Packages (by no later than seven (7) days after the Voting Record Date) to (a) all known holders of claims against the Debtors as of the Voting Record Date who are entitled to vote on the Plan (Classes 1, 2, 3, 4, 5, 7, 8 and 11); (b) the U.S. Trustee; and (c) the Securities and Exchange Commission.

34. To avoid duplication and reduce expenses, the Debtors propose that creditors who have more than one claim shall receive only one Solicitation Package and one Ballot for each claim.

*Voting Procedures*

35. Section 1126(c) of the Bankruptcy Code provides:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in

11

amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

*11 U.S.C. § 1126(c)*. Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan." *Fed. R. Bankr. P. 3018(a)*.

36. The Debtors request that, in tabulating votes, the following rules be used in connection with a creditor's vote:

(a)     If the Debtors do not object to a claim, the claim amount for voting purposes shall be the non-contingent, liquidated and undisputed claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non-contingent, liquidated and undisputed claim amount listed in the Schedules;

(b)     Ballots cast by creditors who timely filed proofs of claim in wholly contingent, wholly unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the hearing to consider the confirmation of the Plan (the "Confirmation Hearing"), will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

(c)     If a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amounts;

(d)     Ballots cast by creditors whose claims <u>are</u> listed on the Schedules but are identified as contingent, unliquidated or disputed and who have not filed proofs of claim in noncontingent, liquidated or undisputed amounts shall not be counted in accordance with Bankruptcy Rule 3018(a);

(e)     If a creditor submits a Ballot and such creditor has not timely filed a proof of claim and is not listed on the Schedules as holding a claim which is not contingent, not unliquidated and not disputed, the creditor's Ballot shall not be counted under Bankruptcy Rule 3018, unless otherwise temporarily allowed by the Court in accordance with such Rule.

12

(f)    If the Debtors file an objection to a timely filed claim within ten (10) days of the Voting Deadline, such claim shall be disallowed for voting purposes only and not for purposes of allowance of distribution, except to the extent and in the manner as may be set forth in such objection;

(g)    Creditors seeking temporary allowance of their claims for voting purposes must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance for voting purposes. Such Rule 3018(a) Motion, with evidence in support thereof, must be filed by no later than September 28, 2010. It shall be the responsibility of each creditor filing a Rule 3018(a) Motion to schedule a hearing on such Rule 3018(a) Motion to occur not less than seven (7) days prior to the Confirmation Hearing;

(h)    Proofs of claim filed for $0.00 are not entitled to vote;

(i)    Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims;

(j)    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(k)    Unless otherwise provided herein, a claim will be deemed temporarily allowed for voting purposes in an amount equal to the lesser of (i) the amount of such claim as set forth in the Debtor's Schedules as not contingent, unliquidated or disputed or (ii) the amount of such claim as set forth in a filed proof of claim; and

(l)    If no claimants in a class vote, such class shall be deemed to accept the Plan.

37. To ensure that its vote is counted, each holder of a claim must:

(a)    Complete a Ballot;

(b)    Indicate the holder's decision either to accept or reject the Plan in the boxes provided in the respective Ballot; and

(c)    Sign and return the Ballot so that it is received by the Claims Agent, at the addresses set forth in paragraph 26 above, on or before the Voting Deadline.

38. In addition, the Debtors request that the following general voting procedures and standard assumptions be used in tabulating ballots:

(a)    Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

(b)    Creditors shall not split their vote within a claim; thus, each creditor shall be deemed to have voted the full amount of its claim either to accept or reject the Plan;

(c)    Any Ballot which is executed by the holder of an allowed claim but which does not indicate an acceptance or rejection or which indicates both an acceptance and rejection of the Plan shall not be counted;

(d)    Votes cast pursuant to a Ballot that is not signed shall not be counted, unless the Court orders otherwise;

(e)    Creditors holding claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

(f)    The method of delivery of Ballots to be sent to the Claims Agent is at the election and risk of each holder of a claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the <u>original</u>, executed Ballot is <u>actually received</u> by the Claims Agent;

(g)    Delivery of the original, executed Ballot to the Claims Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted;

(h)    No Ballot sent to the Debtors, any indenture trustee or agent, or the Debtors' financial or legal advisors shall be accepted or counted;

(i)    The Debtors expressly reserve the right to amend at any time and from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Plan the Debtors will disseminate additional

14

solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(j)    If multiple Ballots are received from or on behalf of an individual holder of a claim with respect to the same claims prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(k)    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person must indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence satisfactory to the Debtors to so act in such capacity;

(l)    The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

(m)    Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in their sole discretion, which determination shall be final and binding;

(n)    If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim or interest will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

(o)    Any holder of impaired claims who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(p)    The Debtors' interpretation of the terms and conditions of the Plan and Disclosure Statement shall be final and binding on all parties, unless otherwise directed by the Court;

(q)    Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code;

(r)    The Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, unless otherwise directed by the Court;

(s)    Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(t)    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liability for failure to provide such notification;

(u)    No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

(v)    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

(w)    The Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

### EPD/Breach Claim Questionnaire Process and Voting Procedures

39.    Many of the agreements the Debtors used to sell mortgage loans in the secondary market or to complete securitizations of loan portfolios permitted the buyer of such loans (or its successor in interest) to "put" the loans back to the Debtors (i.e., require the Debtors to repurchase the loans) if the Debtors breached certain representations and warranties, or if the borrower under the loan defaulted in payment within a specified period of time after the initial sale of the loan. The Claims against the Debtors arising from such breaches or payment defaults are referred to under the Plan as EPD/Breach Claims. Because the EPD/Breach Claims are complex and could consume significant Estate resources to estimate both for voting purposes and for distribution purposes under the Plan, the Debtors intend to solicit information from each

16

EPD/Breach claimant using a form questionnaire (the "EPD/Breach Claim Questionnaire"). The EPD/Breach Claim Questionnaire (substantially in the form attached to this Motion as Exhibit C) has been designed to elicit the data necessary for the Debtors to apply the EPD/Breach Claim Protocol. The protocol sets forth a statistical methodology to fairly quantify each EPD/Breach Claim without the necessity for individualized expensive and time-consuming determinations by the Bankruptcy Court.

## A. Allowance of EPD/Breach Claims for Voting Purposes

40.     The Debtors propose that the Bankruptcy Court temporarily allow the EPD/Breach Claims solely for Plan voting purposes (but not for the purpose of the allowance, or distribution on account, of any EPD/Breach Claim and without prejudice to the rights of the Debtors in any other context), in accordance with the following EPD/Breach Claim Questionnaire and voting and tabulation procedures:

(a)     The Debtors shall have served each Holder of an EPD/Breach Claim with an EPD/Breach Claim Questionnaire (on or before August 10, 2010;

(b)     Each holder of an EPD/Breach Claim must supply the information requested by the Debtors in the EPD/Breach Claim Questionnaire on or before September 1, 2010;

(c)     If a Holder of an EPD/Breach Claim fails to provide the Debtors with the information requested in the EPD/Breach Claims Questionnaire, the EPD/Breach Claim shall be temporarily allowed for voting purposes only in the amount of $1.00 (one dollar);

(d)     If the Holder of an EPD/Breach Claim provides the Debtors with the information requested in the EPD/Breach Claim Questionnaire then the Debtors shall file with the Bankruptcy Court, or before September 15, 2010, and serve on each Holder of an EPD/Breach Claim, a schedule listing the EPD/Breach Claim amount that will be temporarily allowed solely for voting purposes calculated by applying the EPD/Breach Claims Protocol under the Plan (the "EPD/Breach Claim Voting Amount");

(e)     If the Holder of an EPD/Breach Claim does not object to the EPD/Breach Claim Voting Amount in accordance with subparagraph (g) below, then that Holder shall be deemed to have consented to having its EPD/Breach Claim temporarily allowed for voting purposes in the EPD/Breach Claim Voting Amount, but shall not be deemed to have waived any other rights in respect of the validity of its EPD/Breach Claim;

(f)     The EPD/Breach Claim Voting Amount shall not be deemed to be a substantive objection to, or estimation of, an EPD/Breach Claim, and nothing in the EPD/Breach Claim tabulation rules impairs or otherwise affects the Debtors' rights to object to or estimate EPD/Breach Claim or any other Claims, all of which the Debtors reserve; and

(g)     If the Holder of an EPD/Breach Claim disputes the EPD/Breach Claim Voting Amount, then such Holder must file and serve an objection no later than October 1, 2010, which objection may be resolved by stipulation with the Debtors or by an order of the Bankruptcy Court at the Confirmation Hearing (or such other date as is set by the Bankruptcy Court); the objection shall initiate a contested matter under Bankruptcy Rule 9014, and the respective burdens on the parties shall be the same as those applicable to a motion brought under Bankruptcy Rule 3018(a).

## B.   Allowance of EPD/Breach Claims for Distribution Purposes

41.     The information sought by the EPD/Breach Claim Questionnaire is also necessary to determine the Allowed amount of EPD/Breach Claims (Submitted) under the Plan. The Plan provides that the Holders of EPD/Breach Claims (Submitted) (*i.e.*, those Holders of EPD/Breach Claims that do not affirmatively elect to opt out from the application of the EPD/Breach Claim Protocol to the allowance of their claims), are required to complete a questionnaire in order to implement the EPD/Breach Claim Protocol for <u>distribution</u> purposes. Accordingly, the Debtors propose to use the same form of EPD/Breach Claim Questionnaire both for estimating EPD/Breach Claims for voting purposes (as described above) <u>and</u> for determining the amount that Holders of Allowed EPD/Breach Claims (Submitted) will be entitled to receive under the Plan. If the Debtors need additional information in order to

18

determine how much they will distribute to Holders of Allowed EPD/Breach Claims (Submitted), they may request supplemental responses to the EPD/Breach Claim Questionnaire in order to collect that information. If a Holder of an EPD/Breach Claim (a) does not make an EPD/Breach Claim Election; and (b)fails to submit a completed EPD/Breach Claim Questionnaire or fails to respond to a request from the Debtors for additional information regarding their EPD/Breach Claims by the appropriate deadline, such Holder shall be forever barred from asserting an EPD/Breach Claim against the Debtors or their property, or sharing in any distributions under the Plan.

42.     The Debtors propose to use the EPD/Breach Claim Questionnaire for purposes of distribution under the Plan in accordance with the following procedure:

(a)     If any Holder of a EPD/Breach Claim (Submitted) fails to (a) submit an EPD/Breach Claim Questionnaire by the date of the Confirmation Hearing, or (b) if such Holder has timely submitted an EPD/Breach Claim Questionnaire by the date of the Confirmation Hearing, but fails to supply sufficient additional information to calculate the amount of its EPD/Breach Claim in accordance with the EPD/Breach Claim Protocol within thirty (30) days following the date of a written request for such additional information by the Liquidating Debtors, such Holder shall be forever barred from asserting an EPD/Breach Claim against the Debtors or their property, or sharing in any distributions under the Plan.[4]

(b)     Holders of EPD/Breach Claims who have previously submitted an EPD/Breach Claim Questionnaire for voting purposes on or by September 15, 2010 need not resubmit an EPD/Breach Claim Questionnaire but must, within thirty (30) days following the date of a written request for additional information by the Liquidating Debtors, if any, supply such additional information to the Liquidating Debtors or such Holder shall be forever barred from

---

[4] If the EPD/Breach Claim Protocol Conditions are not satisfied, the allowance or disallowance of such claims will be determined in accordance with the Bankruptcy Code and the resolution procedures established under the Plan. In addition, the allowance or disallowance of Class 5 EPD/Breach Claims (Opt Out) shall be determined in accordance with the Bankruptcy Code and the resolution procedures established under the Plan.

asserting an EPD/Breach Claim against the Debtors or their property, or sharing in any distributions under the Plan.

(c)    Holders of EPD/Breach Claims making an EPD/Breach Claim Election[5] on or before the Plan Objection Deadline shall have their claims independently determined and allowed for distribution purposes by order of the Bankruptcy Court (other than as provided for under the EPD/Breach Claim Protocol), or as otherwise permitted under the Plan. In other words, such Holders shall be deemed to hold EPD/Breach Claims (Opt Out) and are not required to respond to the EPD/Breach Claim Questionnaire because their claims will not be determined under the EPD/Breach Claim Protocol.

## Form and Manner of Notices

43. The Debtors request approval of the notice substantially in the form attached hereto as Exhibit D (the "Confirmation Hearing Notice"). The Confirmation Hearing Notice (a) describes the location and time of the Confirmation Hearing, (b) informs parties in interest how to obtain a copy of the Plan and Disclosure Statement, (c) gives notice of the Plan Objection Deadline, (d) provides notice of other dates and deadlines applicable to Creditors under the Plan, such as (i) the deadline to make the EPD/Breach Claim Election, and (ii) the Assumption Objection Deadline to object to the assumption by the Debtors of any Executory Contract that may be listed on the Assumption Schedule, (e) describes the requirements for the form of objections to the Plan, (f) gives notice of the Voting Record Date and Voting Deadline, and (g) contains a prominent disclosure of the injunctive provisions of the Plan. The Debtors submit that the Confirmation Hearing Notice complies with the notice requirements of Bankruptcy Rules 2002(b) and 2002(c)(3). The Debtors propose to serve the Confirmation Hearing Notice by

---

[5] Under the Plan, an EPD/Breach Claim Election means the written notice of election filed with the Bankruptcy Court by any Holder of an EPD/Breach Claim on or before the Plan Objection Deadline to *opt out* of the EPD/Breach Claim Protocol and instead have its claim independently determined and allowed by order of the Bankruptcy Court (other than as provided for under the EPD/Breach Claim Protocol), or as otherwise permitted under the Plan.

August 31, 2010 on (i) the U.S. Trustee, (ii) counsel to the Committee, (iii) the Securities and Exchange Commission, (iv) all creditors on the list of creditors maintained by the Claims Agent in these chapter 11 cases, and (v) those parties who requested notice pursuant to Bankruptcy Rule 2002.

44. Consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages will not be distributed to holders of claims against the Debtors that are placed in Classes under the Plan that are deemed to reject the Plan under section 1126 of the Bankruptcy Code (i.e., Classes 9, 10 and 12) (collectively, the "Non-Voting Parties"). Instead, the Debtors will send the Non-Voting Parties a notice of the Plan and the Disclosure Statement substantially in the form attached hereto as <u>Exhibit E</u> (the "Non-Voting Notice," and, collectively with the Confirmation Hearing Notice, the "Notices"), including instructions on how to obtain copies of the Solicitation Package, if so desired.

45. The Debtors submit that they have shown good cause for implementing the proposed Notices, service and Solicitation Procedures set forth herein.

### *Returned Solicitation Packages or Notices*

46. The Debtors anticipate that some of the Solicitation Packages or Notices may be returned by the United States Postal Service as undeliverable. The Debtors seek the Court's approval for a departure from the strict notice rule so as to excuse the Debtors from re-mailing Solicitation Packages or Notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date. If a creditor changes its mailing address after the Petition Date, the burden is on the creditor, not the Debtors, to advise the Claims Agent of the new address.

## Publication Notice

47. In addition to the foregoing, the Debtors also propose to publish notice of the Confirmation Hearing (the "Publication Notice") once in the National Edition of the USA Today Journal on or before September 7, 2010.

48. By way of this Motion, the Debtors request approval of the Publication Notice substantially in the form attached hereto as Exhibit F.

## Notice

49. A copy of this Motion has been served upon: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) those parties that have requested service under Fed. R. Bankr. P. 2002. In addition, as noted above, notice of the hearing on the adequacy of the Disclosure Statement, and the objection deadline thereto, was served upon all of the Debtors' creditors on the creditor matrix for these cases.

## No Prior Request

50. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

DOCS_DE:161256.4

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted with the Motion, (a) approving the adequacy of the Disclosure Statement; (b) scheduling a hearing to confirm the Plan; (c) establishing the Plan Objection Deadline; (d) approving the form of Ballots, including voting instructions thereto, Voting Deadline and Solicitation Procedures; (e) approving the EPD/Breach Claims Questionnaire process; (f) approving the form and manner of service of the Notices; (g) approving the Publication Notice and the form and manner of publication thereof; and (h) granting such other and further relief as the Court deems appropriate.

Dated: July **27**, 2010

PACHULSKI STANG ZIEHL & JONES LLP

*James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
James E. O'Neill (Bar No. 4042)
Joshua M. Fried (CA Bar No. 181541)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       joneill@pszjlaw.com
       jfried@pszjlaw.com
       chehn@pszjlaw.com
       tcairns@pszjlaw.com

Counsel for the Debtors and
Debtors in Possession

23