IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,1 | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: **August 10, 2010 at 4:00 p.m. prevailing Eastern time**
Hearing Date: **August 17, 2010 at 2:45 a.m. prevailing Eastern time**

# NOTICE OF DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO SECTIONS 105 AND 363(b), (f) AND (m) OF THE BANKRUPTCY CODE; (B) APPROVING RELIEF RELATED TO ASSUMPTION OF LIABILITIES; (C) APPROVING CERTAIN BID PROTECTIONS; AND (D) GRANTING RELATED RELIEF

TO: (i) the Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) the Debtors' warehouse lenders and servicing advance creditors, Bear Stearns Mortgage Capital Corporation, Credit Suisse First Boston Mortgage Capital, LLC, and Lehman Brothers Bank, FSB; (iv) the Debtors' additional warehouse lenders, Residential Funding Company, LLC, IXIS Real Estate Capital, Countrywide Warehouse Lending, Liquid Funding Limited, Morgan Stanley Bank, and UBS Real Estate Securities, Inc; (v) Madeleine L.L.C.; (vi) the Certificate Trustees; (vii) parties known by the Debtors to assert liens, claims, rights, interests or encumbrances of record in any of the Purchased Assets; (viii) parties known by the Debtors to have expressed an interest in purchasing the Purchased Assets; (ix) federal, state and local taxing authorities who have a reasonably known interest in the relief requested by the Motion; (x) the U.S. Attorney for the District of Delaware; (xi) the Internal Revenue Service; (xii) the U.S. Department of Justice; and (xiii) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the *Motion of the Debtors for an Order (A) Approving Sale of Certain Assets Free and Clear of All Liens, Claims and Encumbrances*

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Aegis Loan Servicing, L.P.(0263); AMC Insurance Agency of Texas, Inc.(2524); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Suite 1, Houston, TX 77082

*Pursuant to Sections 105 and 363(b), (f) and (m) of the Bankruptcy Code; (B) Approving Relief Related to assumption of Liabilities; (C) Approving Certain Bid Protections; and (D) Granting Related Relief* (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). If you did not receive a copy of the Motion with this Notice and would like a copy of the Motion, please contact the undersigned counsel for the Debtors at joneill@pszjlaw.com.

Through the Motion, the Debtors seek approval of the sale of certain assets described in Section 2.1(a) of an asset purchase agreement (the "Agreement") between Debtor Aegis Mortgage Corporation and certain of its non-debtor subsidiaries (the "Sellers") to the Buyer, free and clear of liens, claims and encumbrances in accordance with sections 105 and 363 of the Bankruptcy Code. A true and correct copy of the proposed Agreement is attached in substantially final form to the Motion. [2]

The Sale provides for a payment by the Sellers to the Buyer in the amount of $2,205,000 which. if approved and consummated, will benefit the estates by enabling the Sellers to be relieved of significant liabilities and ongoing obligations which will be assumed by the Buyer as more fully described in the Motion. In addition, the transfer of the Purchased Assets to an entity that is (a) a "real estate investment trust" within the meaning of Section 856 of the Internal Revenue Code of 1986, as amended (the "Code") (such entity, a "REIT"), (b) a "qualified REIT subsidiary" within the meaning of Section 856(l) of the Code (a "Qualified REIT Subsidiary"), or (c) a disregarded entity for U.S. federal income tax purposes (a "Disregarded Entity") (any of a REIT, a Qualified REIT Subsidiary, or a Disregarded Entity, a "Qualified REIT Entity"), in each case controlled by the Buyer, will among other things provide for portions of certain claims filed against the estates to be deemed withdrawn and the Debtors' ongoing liability with respect to the Assumed Liabilities as defined in section 2.1(c) of the Agreement to be eliminated.

In addition, the Debtors seek an order approving certain bid protections for the Buyer in the form of a Break-Up Fee and reimbursement of certain expenses in the event that a transaction in respect of a Superior Offer (as defined in the Agreement) is consummated.

If the Motion is approved by the Court and the Sale closes, the Debtors will release the Certificate Trustees from any claim they may have with respect to the Assumed Liabilities and the registered and beneficial owners of the subject certificates will be barred from asserting claims against the Certificate Trustees with respect to the Motion, including but not limited to the relief sought therein and the Released Claims.

**PLEASE TAKE FURTHER NOTICE** that objections and responses to the Motion, if any, must be in writing and filed with the Bankruptcy Court no later than **4:00 p.m. prevailing Eastern time on August 10, 2010.**

---

2 Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Agreement.

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esquire; (ii) counsel to the Official Committee of Unsecured Creditors Landis Rath & Cobb LLP, 919 North Market Street, Suite 600, P.O. Box 2087, Wilmington, Delaware 19899 (Courier 19801), Attn: Richard S. Cobb, Esquire and Hahn & Hessen, LLP, 488 Madison Avenue, New York, NY 10022, Attn: Mark Power, Esquire; and (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esquire.

**PLEASE TAKE FURTHER NOTICE** THAT IF OBJECTIONS OR RESPONSES ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD ON **AUGUST 17, 2010 AT 2:45 P.M.** (PREVAILING EASTERN TIME) BEFORE THE HONORABLE BRENDAN L. SHANNON, UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, 6th FLOOR, COURTROOM NO. 1, WILMINGTON, DELAWARE 19801.

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: July 27, 2010

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
 dbertenthal@pszjlaw.com
 joneill@pszjlaw.com
 jfried@pszjlaw.com
 tcairns@pszjlaw.com

Counsel for the Debtors and Debtors in Possession