# **EXHIBIT C**

## [Proposed Order]

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket No. ____** |

**ORDER GRANTING MOTION OF THE DEBTORS FOR AN ORDER
(A) APPROVING SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO SECTIONS 105 AND
363(b), (f) AND (m) OF THE BANKRUPTCY CODE; (B) APPROVING RELIEF
RELATED TO ASSUMPTION OF LIABILITIES; (C) APPROVING CERTAIN BID
PROTECTIONS; AND (D) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Motion of the Debtors for an Order (A) Approving Sale of Certain Assets Free and Clear of All Liens, Claims and Encumbrances Pursuant to Sections 105 and 363(b), (f) and (m) of the Bankruptcy Code; (B) Approving Relief Related to Assumption of Liabilities; (C) Approving Certain Bid Protections; and (D) Granting Related Relief* (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Ste. 1, Houston, TX 77042.

28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors and their estates, their creditors, and other parties in interest;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law made on the record of the Hearing are incorporated herein by reference

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction over this matter and over the property of the Debtors, including the Purchased Assets to be sold, transferred or conveyed pursuant to the Agreement (each as defined below), and their respective estates pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are (i) Bankruptcy Code §§ 102, 105, 363, and (ii) Bankruptcy Rules 2002, 6004 and 9014.

E.  The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 13, 2007 (the "Petition Date") thereby commencing this chapter 11 case (the "Bankruptcy Case").

F.  Aegis Mortgage Corporation, a Delaware corporation ("AMC"), and its affiliate Aegis Equity Holding Corporation ("AEHC" and, together with AMC, the "Sellers"), are parties to an *Asset Purchase Agreement*, dated as of [___] [___], 2010 (the "Agreement")[2], with Chotin Acquisition Company LLC ("Chotin", and including affiliates designated by Chotin, the "Buyer"), pursuant to which AMC has agreed to transfer to Buyer its interest in Aegis Investments Corporation, a Delaware corporation ("AIC"), and AEHC has agreed to transfer to Buyer certain trust certificates.

G.  Pursuant to the Agreement, Buyer has agreed to assume the Assumed Liabilities in exchange for the delivery of the Purchased Assets to the Buyer and the payment of $2,205,000 to the Buyer.

H   The Assumed Liabilities include the Purchased Investment Certificate Obligations, which are certain obligations generally arising under the Purchased Investment Certificate Contracts and the Purchased Investment Certificate Tax Agreement.

I.  Adequate notice of the Motion was provided by the Debtors under the jointly administered Bankruptcy Case. [Adequate notice of the Motion has been provided to the Investors.]

J.  [The Certificate Trustees have not and do not object to this Court ordering and/or confirming, in this Sale Order, the assumption by Buyer of the Purchased Investment Certificate Obligations and the release of the Sellers and their Affiliates from the Purchased

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Agreement. A true and correct copy of the Agreement, executed by the Buyer and the Sellers, was filed with the Court on [Date] Docket No. [___].

Investment Certificate Obligations. The Investors have not objected to the relief requested in the Motion.]

K. The Certificate Trustees have asserted claims in the Debtors' chapter 11 cases that could be construed to include claims with respect to, or based upon, the non-maintenance by AEHC (or any other of the Sellers or their Affiliates) of the requirement that AEHC (or any other of the Sellers or their Affiliates), as holder of certain Purchased Investment Certificates, be a Qualified REIT Entity through the date of transfer to Buyer. Based on the evidence presented to it at the Hearing, the Bankruptcy Court finds that no basis for such claims exists. The Certificate Trustees received full and adequate notice of the relief sought by this provision of this Sale Order.

L. Based upon the representations tendered and evidence presented at the Hearing, the Debtors have articulated reasonable business judgment and have demonstrated good faith for seeking a prompt sale of the Purchased Assets. The Court finds that a prompt sale of the Purchased Assets is required if the Debtors and their estates are to obtain maximum value from the Purchased Assets. Consummation of the proposed Sale will result in the maximization of the value of the Debtors' estates for the Purchased Assets. The Court further finds that approval of the proposed Sale is in the best interests of the Debtors, their estates, and the Debtors' creditors and, after consideration of all salient factors, there are good and sufficient business justifications for the proposed Sale contemplated by the Motion, outside of the context of a plan of reorganization or liquidation, and that the required standard of a "sound business purpose" has been established.

M. Due and adequate notice and an opportunity to be heard in accordance with applicable laws were given.

N. Based upon the representations tendered and evidence presented, the Buyer is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all protections thereof. The Court finds that the negotiations with the Buyer regarding the Agreement and all actions of the parties to the Agreement with respect to the proposed Sale were at arms' length and in good faith. The terms of the proposed Sale are fair, and the Sale represents the highest and otherwise best offer for the Purchased Assets and constitutes reasonably equivalent value for the Purchased Assets.

O. The conditions under sections 363(b) and 363(f) of the Bankruptcy Code providing for the Debtors' sale of the Purchased Assets to Buyer free and clear of any and all Liens, Claims, Encumbrances (each, as defined below) and other interests have been satisfied. Pursuant to section 363(f) of the Bankruptcy Code other than with respect to the Assumed Liabilities, the Buyer is not a successor of or to the Debtors for any fixed or contingent, known or unknown Lien, Claim, Encumbrance or other interest against the Debtors or any of the Purchased Assets.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Motion is granted on the terms and conditions set forth herein. The Court approves the Agreement and the Sale to the Buyer thereunder in all respects. To the extent that any of the terms of this Sale Order may conflict with the Agreement, this Sale Order shall control.

2. The Debtors are authorized to and shall sell, assign, transfer and deliver to the Buyer, and the Buyer shall purchase, acquire and take assignment and delivery of the

Purchased Assets in accordance with the terms and conditions of the Agreement and this Sale Order.

3. The Court retains jurisdiction for the purpose of enforcing the provisions of the Agreement and this Sale Order, determining any disputes arising therefrom, or protecting the Buyer or any of the Purchased Assets from and against any Liens, Claim, Encumbrances and other interests (other than with respect to the Assumed Liabilities).

4. The Debtors are authorized to sell the Purchased Assets pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code free and clear of any and all Liens, Claims, Encumbrances and other interests.

5. This Sale Order shall be effective immediately upon entry pursuant to Rule 7062 and 9014 of the Federal Rules of Bankruptcy Procedure. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. Hence, the Buyer and the Debtors are authorized to close the proposed Sale immediately upon entry of this Sale Order.

6. The Buyer is found to be a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and shall be entitled to the protections afforded a good faith purchaser pursuant to such section. The Buyer has acted in "good faith" in connection with the Sale.

7. The Sale of the Purchased Assets is not subject to avoidance pursuant to Bankruptcy Code § 363(n).

8. The Closing of the Sale of the Purchased Assets may take place even if a party in interest appeals this Sale Order, so long as this Sale Order has not been stayed.

9. This Sale Order is and shall be effective as a determination that, upon closing of the Sale under the Agreement, all liens (including but not limited to any and all "liens" as defined in Bankruptcy Code § 101(37) ("Liens"), claims (including but not limited to any and all "claims" as defined in Bankruptcy Code § 101(5) and Liabilities, except the Assumed Liabilities ("Claims"), mortgages, deeds of trust, guarantees, security agreements, security interests, pledges, options, servitudes, liens, hypothecations, charges, employee benefits and obligations, rights of first refusal or set-off, restrictions, encumbrances and other interests in or with respect to any of the Purchased Assets (including without limitation any options or rights to purchase such property and any mechanic's or tax liens) whether asserted or unasserted, whether known or unknown, whether arising prior to or subsequent to the filing of the Debtors' chapter 11 cases, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Encumbrances") and other interests existing as to the Purchased Assets conveyed to the Buyer by the Debtors (other than the Assumed Liabilities), if any, have been and hereby are terminated and declared to be unconditionally released, discharged and terminated solely as to the Purchased Assets (and expressly excluding the Excluded Assets, if any), and such determination shall be binding upon and govern the acts of all persons and entities, including all filing agents, filing officers, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to any of the Purchased Assets conveyed to the Buyer. The Buyer and the Debtors each shall take such further steps and execute such further documents, assignments, instruments and papers as shall be reasonably requested by the other to implement and effectuate the transactions contemplated in this Sale Order and the Agreement. Subject to closing of the Sale under the Agreement, all Liens, Claims, rights, Encumbrances and other interests of record as of the date of this Sale Order (other than as may relate to the Assumed Liabilities) shall be forthwith removed and stricken as against the Purchased Assets (and expressly excluding the Excluded Assets). All persons or entities described in this paragraph are authorized to strike all such recorded Liens, Claims, rights, Encumbrances and other interests against the Purchased Assets (and expressly excluding the Excluded Assets) from their records, official and otherwise.

10. Other than the Assumed Liabilities, the Buyer shall not be liable for any Claims against the Debtors, and the Buyer shall have no successor or vicarious liabilities of any kind or character whether known or unknown, whether asserted or unasserted, as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors. Other than with respect to the Assumed Liabilities, under no circumstance will the Buyer be deemed a successor of or to the Debtors for any fixed or contingent, known or unknown Lien, Claim, liability, Encumbrance or other interest against the Debtors or any of the Purchased Assets, and the Buyer shall have no liability as a successor to the Debtors.

11. The portion of the Certificate Trustees' asserted claims in the Bankruptcy Case, and in the bankruptcy cases of certain other Affiliates of the Sellers who are debtors in cases jointly administered with the Bankruptcy Case, that could be construed to include claims

with respect to, or based upon, the non-maintenance by AEHC (or any other of the Sellers or their Affiliates) of the requirement that AEHC (or any other of the Sellers or their Affiliates), as holder of certain Purchased Investment Certificates, be a REIT, a Qualified REIT Subsidiary or a Disregarded Entity (each as defined in the relevant Purchased Investment Certificate Contracts, and each a "Qualified REIT Entity") shall be deemed withdrawn with respect to all Sellers and their Affiliates by each Certificate Trustee with prejudice, effective upon the transfer to Buyer of the Purchased Assets. The Certificate Trustees received full and adequate notice of the relief sought by this provision of this Sale Order.

12. Upon the transfer of the Purchased Assets to Buyer, and assumption of the Assumed Liabilities by Buyer, the Sellers, their Affiliates and their estates are relieved from the Assumed Liabilities, including any liability or obligation relating to any acts, omissions or misrepresentations by the Buyer with respect to such Assumed Liabilities, including without limitation any such claim by a Certificate Trustee or any other party in interest, based upon or relating to the Assumed Liabilities. The Certificate Trustees received full and adequate notice of the relief sought by this provision of this Sale Order. The Sellers' release the Certificate Trustees from any claim they may have with respect to the Assumed Liabilities.

13. Upon the Closing of the transactions contemplated by the Agreement, Buyer shall be solely liable for the payment and performance of the Assumed Liabilities and the Sellers and their Affiliates are relieved from any liability or obligation, present or future, in any way relating to, involving, referring to, arising out of, or based upon, directly or indirectly, the Purchased Investment Certificate Obligations, including as a result of any failure by the Buyer or any holder (including the Sellers and their Affiliates prior to the Closing) of any Purchased

Investment Certificate (i) to pay or perform (or to cause to be paid or performed) any Purchased Investment Certificate Obligation; (ii) to comply with the representations and covenants required to be made by a transferee in the applicable transfer documents for each Purchased Investment Certificate; or (iii) to establish or maintain its qualification as a Qualified REIT Entity. (For the avoidance of doubt, the Assumed Liabilities do not include, and the Buyer will not assume, any liability of the Sellers or any of their Affiliates or investors arising due to acts, omissions or misrepresentations of the Sellers or any of their Affiliates occurring prior to, or applicable to periods prior to, the closing related to the establishment or maintenance of the REIT Entity Status of any of the Sellers or any of their relevant Affiliates or investors.)

14. To the extent any claim asserted in a proof of claim filed by any Certificate Trustee in the Bankruptcy Case, or the bankruptcy cases of any Affiliates of the Sellers, contained, or could be deemed to contain, any claim based upon, or arising from, the Released Claims, including any claims denominated as contingent and/or unliquidated, such claim(s) shall, with respect to the Sellers and any of their Affiliates, including all of the above-captioned Debtors, be deemed withdrawn with prejudice, effective upon the Closing of the transactions contemplated by the Agreement. For the avoidance of doubt, this Order is not intended to address or affect claims other than the Released Claims. [The Investors are barred from asserting claims against the Certificate Trustees with respect to the Motion, including, but not limited to the relief sought therein and the Released Claims.]

15. The Buyer has not assumed or is otherwise not obligated for any of the Debtors' liabilities other than the Assumed Liabilities as set forth in the Agreement, and the Buyer has not purchased any of the Excluded Assets. Consequently, all persons, Governmental

Units (as defined in Bankruptcy Code sections 101(27) and 101(41)) and all holders of Claims, Liens, Interests or Encumbrances based upon or arising out of liabilities retained by the Debtors are hereby enjoined from taking any action against the Buyer or the Purchased Assets to recover any Claims (including, for the avoidance of doubt and without limitation, those Claims deemed withdrawn pursuant to paragraphs 11 and 14 above), Liens, Interests or Encumbrances or on account of any liabilities of the Debtors other than Assumed Liabilities pursuant to the Agreement. All persons holding or asserting any Interest in the Excluded Assets are hereby enjoined from asserting or prosecuting such Claims, Liens, Interests or Encumbrances or cause of action against the Buyer or the Assets for any liability associated with the Excluded Assets.

16. Pursuant to Bankruptcy Code sections 105 and 363, all persons and entities, including, but not limited to, the Debtors, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien, Claim, Encumbrance or Interest of any kind or nature whatsoever against, in or with respect to any of the Debtors or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Purchased Assets to the Buyer, other than with respect to the Assumed Liabilities, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Lien, Claim, Encumbrance or Interest against the Buyer or any affiliate, successor or assign thereof and each of their respective current and former members, officers,

directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Purchased Assets. For the avoidance of doubt, nothing in this paragraph 17 or otherwise in this Sale Order shall modify or limit the Buyer's obligations with respect to the Assumed Liabilities including, but not limited to, the Purchased Investment Certificate Obligations. Nothing in this Order shall (a) limit the rights of any third party with respect to enforcement of such Purchased Investment Certificate Obligations against the Buyer or (b) affect any obligation to any third party the Buyer has agreed to as part of the Closing of the Sale including, but not limited to, any obligation to any Purchased Investment Certificate Trustee.

17. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and the Buyer that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order prior to Closing.

18. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the sale and the transactions contemplated by the Agreement.

19. The Break-Up Fee and the Expense Reimbursement provided for in the Agreement are approved as fair and reasonable under the circumstances.

20. The Sellers are hereby authorized pursuant to 11 U.S.C. Section 363(b) to pay the Surety Bond Premium in an amount of no more than $200,000.00 and to pay the Incidental Expenses.

21. Each and every term and provision of this Sale Order shall be binding in all respects upon the Buyer, the Debtors, the Debtors' bankruptcy estates, the Debtors' creditors, all persons or entities holding an interest in the Debtors, including, without limitation, any person or entity purporting to hold Liens, Claims, Encumbrances or other interests against all or any portion of the Purchased Assets. The Agreement and the transactions and instruments contemplated thereby shall be enforceable against and binding upon and shall not be subject to rejection or avoidance by the Debtors or any chapter 7 or chapter 11 trustee for the Debtors or their estates or any other person or entity on behalf of the Debtors.

22. The Agreement may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is not material.

23. The terms and provisions of this Sale Order shall inure to the benefit of and shall be fully enforceable by the Sellers, the Buyer and their successors and assigns.

24. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Sale Order.

Dated: _____          _____
                                Honorable Brendan L. Shannon
                                United States Bankruptcy Court Judge