IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related Docket No. 5403 |

**DECLARATION OF MICHAEL C. BALOG IN SUPPORT OF MOTION OF THE DEBTORS FOR AN ORDER (A) APPROVING SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO SECTIONS 105 AND 363(B), (F) AND (M) OF THE BANKRUPTCY CODE; (B) APPROVING RELIEF RELATED TO ASSUMPTION OF LIABILITIES; (C) APPROVING CERTAIN BID PROTECTIONS; AND (D) GRANTING RELATED RELIEF**

I, Michael C. Balog, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the President and General Counsel of the above-captioned debtors and debtors in possession ("Aegis") located at 11381 Meadowglen, Suite I, Houston, TX 77082.

2. I am familiar with the *Motion of the Debtors for an Order (A) Approving Sale of Certain Assets Free and Clear of All Liens, Claims and Encumbrances Pursuant to Sections 105 and 363(b), (f) and (m) of the Bankruptcy Code; (B) Approving Relief Related to Assumption of Liabilities; (C) Approving Certain Bid Protections; and (D) Granting Related Relief* (the "Motion") and the transaction among Aegis Mortgage Corporation, Aegis Equity

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Suite I, Houston, TX 77082.

Holding Corporation and Chotin Acquisition Company, LLC. I submit this declaration (the "Declaration") in support of the Motion.

3. The Motion was filed on July 27, 2010. In essence, the Motion seeks the approval of the Court to sell certain assets of Debtor Aegis Mortgage Corporation ("AMC") and Aegis Equity Holding Corporation ("AEHC"), one of AMC's non-debtor subsidiaries (the "Sellers"), to Chotin Acquisition Company, LLC, or its designee ("Buyer"). The sale contemplates a payment by the Sellers to the Buyer in the amount of $2,205,000 in exchange for the assumption of certain Assumed Liabilities by the Buyer and the transfer of certain Purchased Assets to the Buyer. The Purchased Assets are comprised of (a) the capital stock of Aegis Investments Corporation, a non-debtor subsidiary owned by AMC ("AIC"), and (b) certain investment certificates owned by AEHC. Specifically, AEHC is selling (i) six certificates related to five Aegis REIT trust securitizations, and (ii) two certificates related to two Net Interest Margin trusts. AIC (whose capital stock is being acquired by the Buyer) also owns similar investment certificates related to other REMIC and NIM securitization trusts.

4. Generally speaking, the ownership of the six certificates related to the Aegis REIT trusts requires the qualification of Aegis REIT (the direct parent of AEHC) as a real estate investment trust (a "REIT") under the Internal Revenue Code of 1986, as amended ("Code"), and the corresponding qualification of AEHC as a qualified REIT subsidiary under the Code. For convenience, the term REIT Entity refers to an entity that (i) qualifies for taxation as a REIT under applicable provisions of the Code, (ii) is a qualified subsidiary of a REIT under applicable provisions of the Code, or (iii) is solely owned by either of the foregoing entities but

is otherwise disregarded as an entity separate from its owner under applicable provisions of the Code.

5. In connection with the sale of the purchased assets to the Buyer, the Buyer has agreed to assume the post-Closing obligations associated with qualifying as a REIT Entity. *See, e.g.*, Sections 4.8 and 5.12 of the Agreement.

6. The Motion also seeks a determination that certain hypothetical, contingent claims (asserted by the trustees of the five Aegis REIT trust securitizations) related to the possible failure of Aegis REIT or AEHC to maintain their status as a REIT Entity should be deemed withdrawn.

7. Aegis REIT was formed under Maryland law on November 23, 2004, as a Maryland corporation. Aegis REIT elected to be treated as a REIT Entity by timely filing a tax return using Internal Revenue Service Form 1120-REIT for its taxable year ending December 31, 2004, and has not revoked such election. Aegis REIT owns 100% of the stock of AEHC and has owned 100% of the stock of AEHC since AEHC was formed and neither Aegis REIT nor AEHC has made an election to have AEHC treated as a taxable REIT subsidiary under applicable provisions of the Code. AEHC presently owns 100% of the ownership certificate of the following five securitization trusts formed to hold mortgage loans and issue notes: Aegis Asset Backed Securities Trust 2004-6, Aegis Asset Backed Securities Trust 2005-1, Aegis Asset Backed Securities Trust 2005-2, Aegis Asset Backed Securities Trust 2005-3 and Aegis Asset Backed Securities Trust 2006-1. In addition, AEHC holds 100% of the ownership certificates of

two additional trusts, formed to hold securities issued by an entity qualifying as a real estate mortgage investment conduit under Code Section 860D and issue notes: Aegis Net Interest Margin Trust 2005-4 and Aegis Net Interest Margin Trust 2005-5.

8. I am generally familiar, and able to confirm that each of AEGIS REIT and AEHC have complied, with the underlying requirements to qualify as a REIT Entity under applicable provisions of the Code beginning with the taxable year ending December 31, 2004, through its taxable year ending December 31, 2010. I am not aware of any present basis to find that Aegis REIT or AEHC have failed to properly establish or maintain their status as a REIT Entity for the relevant time periods.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

                                                  Michael C. Balog, Esq.
                                                  President and General Counsel