IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGIS MORTGAGE CORPORATION, et al.,[1] | ) | Case No. 07-11119 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 5402, 5431, 5432 |

**ORDER GRANTING DEBTORS' MOTION
FOR ENTRY OF AN ORDER (A) APPROVING THE ADEQUACY OF
THE DEBTORS' DISCLOSURE STATEMENT; (B) SCHEDULING A
HEARING TO CONFIRM THE SECOND AMENDED CHAPTER 11 PLAN OF AEGIS
MORTGAGE CORPORATION, ET AL.; (C) ESTABLISHING DEADLINE FOR
FILING OBJECTIONS TO CONFIRMATION OF PLAN; (D) APPROVING FORM OF
BALLOTS, VOTING DEADLINE AND SOLICITATION PROCEDURES; (E)
APPROVING EPD/BREACH CLAIMS QUESTIONNAIRE PROCESS; AND
(F) APPROVING FORM AND MANNER OF NOTICES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtor") seeking entry of an order: (a) approving the adequacy of the *Disclosure Statement in Respect of Second Amended Chapter 11 Plan of Aegis Mortgage Corporation, et al.*, filed on August 13, 2010, as amended or modified (the "Disclosure Statement"); (b) scheduling a hearing to confirm the *Second Amended Chapter 11 Plan of Aegis Mortgage Corporation, et al.*, dated August 13, 2010, as amended or modified (the "Plan"); (c) establishing a Plan Objection Deadline; (d) approving the form of ballots, voting deadline and solicitation procedures; (e) approving a process for the solicitation of information regarding

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Aegis Mortgage Corporation (9883); Aegis Wholesale Corporation (9888); Aegis Lending Corporation (9884); Aegis Correspondent Corporation (0359); Aegis Funding Corporation (9886); Aegis Mortgage Loan Servicing Corporation (0515); Solutions Settlement Services of America Corporation (6879); Solutions Title of America Corporation (7045); and Aegis REIT Corporation (3436). The address for all Debtors is 11381 Meadowglen, Ste. 1, Houston, TX 77042.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion or the Disclosure Statement.

00233-001\DOCS_DE:161256.7

EPD/Breach Claims (both for voting and distribution purposes) and (f) approving the form and manner of notices related thereto; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that such relief is in the best interests of the Debtor's estate and creditors; it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Disclosure Statement is hereby approved for solicitation as provided for herein; and it is further

ORDERED that a hearing to confirm the Plan (the "Confirmation Hearing") will commence on October 20, 2010, at 10:00 a.m., prevailing Eastern Time; and it is further

ORDERED that the Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest; and it is further

ORDERED that the deadline to file and serve objections to the confirmation of the Plan (the "Plan Objection Deadline") shall be 4:00 p.m., prevailing Eastern Time, on September 28, 2010; and it is further

ORDERED that all objections to the confirmation of the Plan, if any, must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Delaware; (iii) be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801; and (iv) be served upon

by the following parties: (i) the Debtors, Aegis Mortgage Corporation, 11381 Meadowglen, Ste. 1, TX 77042 (Attn: Michael Balog, Chief Executive Officer); (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. and Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn: Henry C. Kevane, Esq.; (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, Room 2207, 844 N. King Street, Wilmington, Delaware 19801, Attn: David Buchbinder; and (iv) counsel to the Official Committee of Unsecured Creditors: (i) Landis Rath & Cobb LLP, 919 North Market Street, Suite 600, P.O. Box 2087, Wilmington, Delaware 19899 (Courier 19801), Attn: Richard S. Cobb, Esquire and (ii) Hahn & Hessen, LLP, 488 Madison Avenue, New York, NY 10022, Attn: Mark Power, Esquire (collectively, the "Notice Parties"); and it is further

ORDERED that, the Debtors shall be allowed to file a brief in support of confirmation of the Plan and an omnibus reply to any objections to the Plan on or before three (3) business days before the Confirmation Hearing; and it is further

ORDERED that the Court shall consider only written objections to the Plan that are timely filed by the Plan Objection Deadline and served upon the Notice Parties; and it is further

ORDERED that all objections to the Plan must (a) state with particularity the legal and factual grounds for such objection, (b) provide, where applicable, the specific text that the objecting party believes to be appropriate to insert into the Plan and (c) describe the nature and amount of the objector's claim; and it is further

ORDERED that objections to the Plan not timely filed and served in accordance with the provisions of this Order shall not be heard and shall be overruled; and it is further

ORDERED that the date of the entry of this Order shall be the record date for purposes of determining which creditors are entitled to vote on the Plan (the "Voting Record Date"); and it is further

ORDERED that the Voting Record Date shall apply to (i) all holders of claims and creditors and (ii) all trustees and agents that will collect votes of beneficial holders of claims; and it is further

ORDERED that the deadline for casting a Ballot to accept or reject the Plan (the "Voting Deadline") shall be September 28, 2010, at 7:00 p.m. prevailing Eastern Time; and it is further

ORDERED that all Ballots accepting or rejecting the Plan must be received by Epiq Bankruptcy Solutions LLC (the "Claims Agent") by no later than 7:00 p.m., prevailing Eastern Time, on the Voting Deadline at the following address:

**If by first class mail or USPS Express Mail:**

**Aegis Mortgage Ballot Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, P.O. Box 5014**
**New York, NY 10150-5014**

**If by overnight courier or hand delivery:**

**Aegis Mortgage Ballot Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue, 3rd floor**
**New York, NY 10017**

and it is further

ORDERED that the Debtors or the Court may extend the period during which votes will be accepted by the Debtors, in which case the Voting Deadline for such solicitation shall mean the last time and date to which such solicitation is extended; and it is further

ORDERED that the form of Ballots and voting instructions thereto, substantially in the form attached hereto as Exhibit A, are hereby approved; and it is further

ORDERED that all votes to accept or reject the Plan must be cast by using the appropriate Ballot; and it is further

ORDERED that the Solicitation Procedures including, but not limited to the EPD/Breach voting procedures are hereby approved; provided, however, the Debtors reserve the right to modify, amend or supplement the Solicitation Procedures subject to Court approval; and it is further

ORDERED that by no later than August 25, 2010, the Debtors shall distribute the following solicitation materials (the "Solicitation Package") to (i) all known holders of claims against the Debtors as of the Voting Record Date who are entitled to vote on the Plan (*i.e.,* Classes 1, 2, 3, 4, 5, 7, 8 and 11), (ii) the U.S. Trustee, and (iii) the Securities and Exchange Commission:

- (a) the Disclosure Statement (including any schedules and exhibits);
- (b) the Plan (including any schedules and exhibits);
- (c) the appropriate Ballot and voting instructions;
- (d) the Confirmation Hearing Notice;
- (e) any supplemental solicitation materials filed with the Court;
- (f) a pre-addressed return envelope, if applicable, at the Debtor's sole discretion; and
- (g) any other materials ordered by the Court to be included as part of the Solicitation Package; and it is further

ORDERED that creditors who have more than one claim shall receive only one Solicitation Package and one Ballot for each claim; and it is further

ORDERED that the following rules shall be used to tabulate votes:[3]

(a) If the Debtors do not object to a claim, the claim amount for voting purposes shall be the non-contingent, liquidated and undisputed claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non-contingent, liquidated and undisputed claim amount listed in the Schedules;

(b) Ballots cast by creditors who timely filed proofs of claim in wholly contingent, wholly unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the hearing to consider the confirmation of the Plan (the "Confirmation Hearing"), will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

(c) If a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amounts;

(d) Ballots cast by creditors whose claims <u>are</u> listed on the Schedules but are identified as contingent, unliquidated or disputed and who have not filed proofs of claim in noncontingent, liquidated or undisputed amounts shall not be counted in accordance with Bankruptcy Rule 3018(a);

(e) If a creditor submits a Ballot and such creditor has not timely filed a proof of claim and is not listed on the Schedules as holding a claim which is not contingent, not unliquidated and not disputed, the creditor's Ballot shall not be counted under Bankruptcy Rule 3018, unless otherwise temporarily allowed by the Court in accordance with such Rule.

(f) If the Debtors file an objection to a timely filed claim prior to the Voting Record Date, such claim shall be disallowed for voting purposes only and not for purposes of allowance of distribution, except to the extent and in the manner as may be set forth in such objection;

---

[3] In the procedures that follow, the use of the term "Ballot" refers to all ballots as appropriate.

(g) Creditors seeking temporary allowance of their claims for voting purposes must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance for voting purposes. Such Rule 3018(a) Motion, with evidence in support thereof, must be filed by no later than September 20, 2010. It shall be the responsibility of each creditor filing a Rule 3018(a) Motion to schedule a hearing on such Rule 3018(a) Motion to occur not less than ten (10) days prior to the Confirmation Hearing;

(h) Proofs of claim filed for $0.00 are not entitled to vote;

(i) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims; provided, however that any creditor may request additional ballots upon establishing to the Debtors' satisfaction that such claims are not duplicate claims;

(j) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(k) Unless otherwise provided herein, a claim will be deemed temporarily allowed for voting purposes in an amount equal to (i) the amount of such claim as set forth in the Debtor's Schedules as not contingent, unliquidated or disputed or (ii) the amount of such claim as set forth in a filed proof of claim;

and it is further

ORDERED that to ensure that its vote is counted, each holder of a claim must:

(a) Complete a Ballot;

(b) Indicate the holder's decision either to accept or reject the Plan in the boxes provided in the respective Ballot; and

(c) Sign and return the Ballot so that it is received by the Claims Agent, at the addresses set forth in above, on or before the Voting Deadline;

and it is further

7

ORDERED that the following general voting procedures and standard assumptions be used in tabulating ballots:

(a) Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

(b) Creditors shall not split their vote within a claim; thus, each creditor shall be deemed to have voted the full amount of its claim either to accept or reject the Plan;

(c) Any Ballot which is executed by the holder of an allowed claim but which does not indicate an acceptance or rejection or which indicates both an acceptance and rejection of the Plan shall not be counted;

(d) Votes cast pursuant to a Ballot that is not signed shall not be counted, unless the Court orders otherwise;

(e) Creditors holding claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

(f) The method of delivery of Ballots to be sent to the Claims Agent is at the election and risk of each holder of a claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Claims Agent;

(g) Delivery of the original, executed Ballot to the Claims Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted;

(h) No Ballot sent to the Debtors, any indenture trustee or agent, or the Debtors' financial or legal advisors shall be accepted or counted;

(i) The Debtors expressly reserve the right to amend at any time and from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(j) If multiple Ballots are received from or on behalf of an individual holder of a claim with respect to the same claims prior to the

8

Voting Deadline, the last Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(k) If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence satisfactory to the Debtors to so act in such capacity;

(l) The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. The Debtors may, in their sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

(m) Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in their sole discretion, which determination shall be final and binding;

(n) If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim or interest will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

(o) Any holder of impaired claims who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(p) Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code;

(q) The Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, unless otherwise directed by the Court;

(r) Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots

9

(s) Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liability for failure to provide such notification;

(t) No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

(u) The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

(v) The Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim;

and it is further

ORDERED that, in addition to all other applicable voting procedures approved by this Order, the EPD/Breach Claim Questionnaire is approved and the following procedures shall be used in tabulating ballots submitted by holders of EPD/Breach Claims:

(a) The Debtors shall have served each Holder of an EPD/Breach Claim with an EPD/Breach Claim Questionnaire (on or before August 20, 2010;

(b) Each holder of an EPD/Breach Claim must supply the information requested by the Debtors in the EPD/Breach Claim Questionnaire on or before September 20, 2010;

(c) If a Holder of an EPD/Breach Claim fails to provide the Debtors with the information requested in the EPD/Breach Claims Questionnaire, the EPD/Breach Claim shall be temporarily allowed for voting purposes only in the amount of $1.00 (one dollar);

(d) If the Holder of an EPD/Breach Claim provides the Debtors with the information requested in the EPD/Breach Claim Questionnaire then the Debtors shall file with the Bankruptcy Court, or before September 27, 2010, and serve on each Holder of an EPD/Breach Claim, a schedule listing the EPD/Breach Claim amount that will be temporarily allowed solely for voting purposes calculated by applying the EPD/Breach Claims Protocol under the Plan (the "EPD/Breach Claim Voting Amount");

10

(e) If the Holder of an EPD/Breach Claim does not object to the EPD/Breach Claim Voting Amount in accordance with subparagraph (g) below, then that Holder shall be deemed to have consented to having its EPD/Breach Claim temporarily allowed for voting purposes in the EPD/Breach Claim Voting Amount, but shall not be deemed to have waived any other rights in respect of the validity of its EPD/Breach Claim;

(f) The EPD/Breach Claim Voting Amount shall not be deemed to be a substantive objection to, or estimation of, an EPD/Breach Claim, and nothing in the EPD/Breach Claim tabulation rules impairs or otherwise affects the Debtors' rights to object to or estimate EPD/Breach Claim or any other Claims, all of which the Debtors reserve; and

(g) If the Holder of an EPD/Breach Claim disputes the EPD/Breach Claim Voting Amount, then such Holder must file and serve an objection no later than October 10, 2010, which objection may be resolved by stipulation with the Debtors or by an order of the Bankruptcy Court at the Confirmation Hearing (or such other date as is set by the Bankruptcy Court); the objection shall initiate a contested matter under Bankruptcy Rule 9014, and the respective burdens on the parties shall be the same as those applicable to a motion brought under Bankruptcy Rule 3018(a);

and it is further

ORDERED that the Debtors shall also use the EPD/Breach Claim Questionnaire for purposes of distribution under the Plan in accordance with the following procedure:

(a) If any Holder of a EPD/Breach Claim (Submitted) fails to (a) submit an EPD/Breach Claim Questionnaire by the date of the Confirmation Hearing, or such later date as may reasonably be agreed upon by the Debtors and the Holder of an EPD/Breach Claim (Submitted), not to exceed 15 days following the date of the Confirmation Hearing, or (b) if such Holder has timely submitted an EPD/Breach Claim Questionnaire, supply sufficient additional information to calculate the amount of its EPD/Breach Claim (Submitted) in accordance with the EPD/Breach Claim Protocol within thirty (30) days following the date of a reasonable written request for such additional information by the Liquidating Debtors, such Holder shall be forever barred from asserting an EPD/Breach

11

      Claim against the Debtors or their property, or sharing in any distributions under the Plan.[4]

  (b)  Holders of EPD/Breach Claims who have previously submitted an EPD/Breach Claim Questionnaire for voting purposes on or by September 20, 2010 need not resubmit an EPD/Breach Claim Questionnaire but must, within thirty (30) days following the date of a reasonable written request for additional information by the Liquidating Debtors, if any, supply such additional information to the Liquidating Debtors or such Holder shall be forever barred from asserting an EPD/Breach Claim against the Debtors or their property, or sharing in any distributions under the Plan.

  (c)  Holders of EPD/Breach Claims making an EPD/Breach Claim Election[5] on or before the Plan Objection Deadline shall have their claims independently determined and allowed for distribution purposes by order of the Bankruptcy Court (other than as provided for under the EPD/Breach Claim Protocol), or as otherwise permitted under the Plan. In other words, such Holders shall be deemed to hold EPD/Breach Claims (Opt Out) and are not required to respond to the EPD/Breach Claim Questionnaire because their claims will not be determined under the EPD/Breach Claim Protocol;

and it is further

  ORDERED that the Debtors shall abide by applicable privacy rules and regulations with respect to any confidential information supplied by the Holders of EPD/Breach Claims in response to the EPD/Breach Claim Questionnaire; and it is further.

  ORDERED that the Debtors shall provide reasonable assistance to the Holders of EPD/Breach Claims regarding the information requested in the EPD/Breach Claim Questionnaire; and it is further

---

[4] If the EPD/Breach Claim Protocol Conditions are not satisfied, the allowance or disallowance of such claims will be determined in accordance with the Bankruptcy Code and the resolution procedures established under the Plan. In addition, the allowance or disallowance of Class 5 EPD/Breach Claims (Opt Out) shall be determined in accordance with the Bankruptcy Code and the resolution procedures established under the Plan.

[5] Under the Plan, an EPD/Breach Claim Election means the written notice of election filed with the Bankruptcy Court by any Holder of an EPD/Breach Claim on or before the Plan Objection Deadline to *opt out* of the EPD/Breach Claim Protocol and instead have its claim independently determined and allowed by order of the Bankruptcy Court (other than as provided for under the EPD/Breach Claim Protocol), or as otherwise permitted under the Plan.

ORDERED that the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit D, is hereby approved; and it is further

ORDERED that the Debtors shall serve the Confirmation Hearing Notice by no later than August 25, 2010, on: (i) the U.S. Trustee, (ii) counsel to the Committee, (iii) the Securities and Exchange Commission, (iv) all holders of EPD/Breach Claims; (v) all counterparties to Executory Contracts (vi) all creditors on the list of creditors maintained by the Debtors' Claims Agent in these chapter 11 cases and (vii) those parties who requested notice pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that, consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages shall not be distributed to holders of claims against the Debtors that are placed in a class under the Plan that is deemed to reject the Plan under section 1126 of the Bankruptcy Code (*i.e.*, Classes 9, 10 and 12) (collectively, the "Non-Voting Parties"), but such Non-Voting Parties shall receive the applicable Non-Voting Notice, which includes instructions on how to obtain copies of the Solicitation Package, if so desired; and it is further

ORDERED that the Non-Voting Notices, substantially in the form attached hereto as Exhibit E are hereby approved; and it is further

ORDERED that the Publication Notice, substantially in the form attached hereto as Exhibit F, is approved and that the Debtors shall publish the Publication Notice once in the national edition of *USA Today* on or before August 31, 2010; and it is further

ORDERED that the Debtors need not serve the Solicitation Package on parties whose claims against the Debtors were based upon executory contracts and/or unexpired leases

00233-001\DOCS_DE:161256.7

of non-residential real property that were assumed and assigned during the chapter 11 cases; and it is further

ORDERED that the Debtors are excused from re-mailing Solicitation Packages or Notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtor's records as of the Voting Record Date; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 17, 2010

Honorable Brendan L. Shannon
United States Bankruptcy Judge